UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVIS & ASSOCIATES, INC.  )
1412 5th Street, N.W.  )
Washington, D.C. 20001  )
 )
Plaintiff,  )
 )
      vs.  )  Civil Action No.
 )
THE DISTRICT OF COLUMBIA, a  )
Municipal Corporation  )
1350 Pennsylvania Avenue, NW  )
Washington, D.C. 20004  )
 )
and  )
 )
ANTHONY A. WILLIAMS, Mayor  )
The District of Columbia, in his  )
official capacity  )
1350 Pennsylvania Avenue, NW  )
Suite 600  )
Washington, D.C. 20004  )
 )
and  )
 )
NATWAR M. GANDHI, Chief  )
Financial Officer, The District of  )
Columbia, in his official and  )
individual capacities  )
1350 Pennsylvania Avenue, NW  )
Suite 203  )
Washington, D.C. 20004  )
 )
and  )
 )
VALERIE HOLT, Former Chief  )
Financial Officer, The District of  )
Columbia, in her official capacity  )
1350 Pennsylvania Avenue, NW  )
Suite 203  )
Washington, D.C. 20004  )
 )
and  )

```
HEALTH MANAGEMENT SYSTEMS,    )
INC.                          )
401 Park Avenue South         )
New York, NY 10016            )
                              )
                              )
Defendants.                   )
```

## COMPLAINT FOR VIOLATIONS OF 42 U.S.C. §§ 1981 and 1983

Comes Now Plaintiff Davis & Associates, Inc., by and through its attorney, the Law Offices of Houston & Howard, to file this Complaint and respectfully represents unto this Honorable Court as follows:

### NATURE OF THE CASE

This complaint is filed by Davis & Associates, Inc., a minority-owned business. The plaintiff corporation brings this action to obtain full and complete relief and to redress the Constitutional and statutory violations described herein.

1.   This action seeks compensatory damages as well as declaratory, injunctive and other equitable relief from intentional discrimination against the plaintiff corporation, on account of its racial minority status, in violation of 42 U.S.C. §§ 1981 and 1983.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and 28 U.S.C. §§ 1331, 1337, and 1343 (a) (4). Additionally, this Court has jurisdiction pursuant to P.L. 104-8, 109 Stat. 105 (a) (Apr. 17, 1995).

3.   The Constitutional and statutory violations described herein concern the nonpayment of monies owed to the plaintiff corporation for work performed within the District for the benefit of the District of Columbia Government. Venue in this Court is therefore proper.

### PARTIES

2

4.  At all times material to this Complaint, Davis & Associates, Inc. (hereinafter referred to as "Contractor") was a minority-owned corporation licensed to conduct business in the District of Columbia.

5.  The District of Columbia (hereinafter referred to as "the District") is a municipal corporation.

6.  At all times material to this Complaint, Anthony A. Williams (hereinafter referred to as "the Mayor") was the Mayor of the District of Columbia. Plaintiff sues the Mayor in his official capacity.

7.  At all times material to this Complaint, Natwar M. Gandhi (hereinafter referred to as "the CFO") was the Chief Financial Officer of the District of Columbia. Plaintiff sues the CFO in his official and individual capacities.

8.  At all times material to this Complaint, Valerie Holt (hereinafter referred to as "the former CFO") was the Chief Financial Officer of the District of Columbia. Plaintiff sues the former CFO in her official capacity.

9.  At all times material to this Complaint, Health Management Systems, Inc. (hereinafter referred to as "HMS") was a corporation licensed to conduct business in the District of Columbia. HMS is joined as a party defendant to this action because it may have an interest relating to the subject of the action and is so situated that the disposition of the action in the absence of HMS may leave one or more of the parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

## FACTS

10. On or about March 10, 2000, Contractor and the District of Columbia Health and Hospitals Public Benefit Corporation (hereinafter referred to as "the PBC") entered into a

contingency contract which provided that the Contractor would complete certain Medicare and Medicaid cost reports on behalf of the PBC in order to comply timely with federal filing requirements. A copy of the subject contract is attached hereto as **Exhibit A** and is hereby incorporated by reference.

11. Under the terms of the contract, the Contractor's compensation is to be paid at the rate of ten percent of the revenues "realized and collected" above a given baseline figure.

12. Under the terms of the contract, the Contractor is required to submit to the PBC invoices for payment, along with a certification of accuracy.

13. Under the terms of the contract, the PBC has a "monetary obligation" to pay under the contract.

14. In the performance of the 2000 contract, the Contractor identified for collection an amount in excess of $200,000,000.00 due to D. C. General Hospital from uncollected Medicare and Medicaid payments.

15. On or about January 26, 1998, Health Management Systems, Inc. (hereinafter referred to as "HMS") and the District of Columbia Public Schools entered into a contingency contract which provided that HMS would undertake the reimbursement and recovery programs to recover the expenditures from liable third parties for and on behalf of the D.C. Public Schools. Specifically, HMS would identify health insurance resources available to D.C. Public Schools Medicaid Assistance recipients, file claims on behalf of D.C. Public Schools seeking reimbursement, and receive monies on claims from third parties. A copy of the 1998 contract is attached hereto as **Exhibit B** and is hereby incorporated by reference.

16. HMS subsequently entered into a subcontract with Contractor for the performance of the work described in the 1998 contract.

17. In the performance of the 1998 contract, the Contractor identified for collection an amount in excess of $68,000,000.00 due to D. C. Public Schools from uncollected Medicaid programs.

18. In response to the District's request, the Contractor, over the years, has submitted a number of requests for payment accompanied by the requisite certification.

19. The Contractor's last submission of information that was requested by the District as a condition of payment was made in 2004.

20. To date, the District has refused to pay the Contractor for the services that were rendered pursuant to the 1998 and 2000 contracts.

21. Pursuant to the District of Columbia Financial Responsibility and Management Assistance Act of 1995, the District of Columbia Chief Financial Officer was responsible for collecting all funds that were owed to all District Agencies.

22. Pursuant to the District of Columbia Financial Responsibility and Management Assistance Act of 1995, the District of Columbia Chief Financial Officer was responsible for paying all contractual obligations owed by all District Agencies.

23. Pursuant to the District of Columbia Financial Responsibility and Management Assistance Act of 1995, the District of Columbia Chief Financial Officer was responsible for the recording and accounting for all District funds as well as the preparation and submission of official and certified reports to the United States Congress and the Executive branch of the federal government.

24. Pursuant to the District of Columbia Financial Responsibility and Management Assistance Act of 1995, the District of Columbia Inspector General was responsible for

conducting the District's Annual Audit, which included the preparation and submission of accurate financial reports to the United States Congress.

25. On information and belief, the District has received from the federal government all, or part, of the amount in excess of $268,000,000.00 that was identified by the Contractor.

26. On information and belief, District officials have failed to deposit federal monies into the appropriate District government fund, thereby precluding payment to Contractor.

## COUNT I - VIOLATIONS OF 42 U.S.C. § 1981

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. At all times relevant herein, the conduct of all Defendants, save HMS, was subject to 42 U.S.C. § 1981.

29. As the recipient of matching federal funds for Medicare and Medicaid payments, the District is, pursuant to 45 CFR § 74.44(b), required to make "positive efforts . . . to utilize . . . minority-owned firms . . . whenever possible."

30. The Contractor is a minority-owned firm.

31. On information and belief, the District has not refused to pay compensation to white-owned firms that, pursuant to a duly executed service contract, have performed services for the District.

32. Also, on information and belief, the District paid a white-owned firm, (which had no affiliation with the Contractor), for work that the Contractor performed exclusively.

33. The District's refusal to pay the Contractor for the services that were performed for the benefit of the District pursuant to the 1998 and 2000 contracts is a violation of the Contractor's equal rights under the law.

## COUNT II - VIOLATIONS OF 42 U.S.C. § 1983

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 above.

35. At all times relevant herein, the conduct of all Defendants, save "HMS", was subject to 42 U.S.C. § 1983.

36. Acting under color of law and consistent with "custom or policy of the District of Columbia", Defendants, save "HMS", worked a denial of the Contractor's rights, privileges or immunities secured by the United States Constitution or by federal law, to wit,

(a) by depriving the Contractor of its property without due process of law, by receiving payment from the federal government in excess of $268,000,000.00 for uncollected Medicare and Medicaid payments and yet refusing to compensate the Contractor for the services it rendered.

(b) by refusing to prevent such deprivation and denial to the Contractor, thereby depriving the Plaintiff of its rights, privileges, and immunities as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

## **PRAYER FOR RELIEF**

37. WHEREFORE, plaintiff respectfully requests that this Court:

   a. Enter a judgment against the defendant and in favor of plaintiff in excess of $268,000,000.00 for compensatory damages;

   b. Enter a judgment for the plaintiff of the reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

   c. Award plaintiff such further and additional relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

Respectfully submitted,

HOUSTON & HOWARD

Dated this 28th day of March 2006    By: _____
Johnny M. Howard, Bar No. 264218
1001 Connecticut Avenue, NW
Suite 402
Washington, D.C. 20036
(202) 628-7058
E-mail: houhow@erols.com

## PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn, deposes and says that I am an officer of the plaintiff corporation herein. I have read the foregoing pleading filed on the corporation's behalf, and the facts stated therein are true to the best of my knowledge, information, and belief.

DATED: March 28, 2006

_____
Michael L. Davis, President and CEO
Davis & Associates, Inc.

Subscribed and sworn to before me, this ___28th___ day of March, 2006.

_____
Notary Public

My Commission expires: ___DANIELLE G. LOGAN___
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires January 1, 2008

