Davis & Associates v. District of Columbia, et al.
D.D.C. Civil No. 06-972 (GK)

District of Columbia Motion to Dismiss- August 10, 2006

Exhibit 2 – January 17, 2003, District of Columbia Responses to Interrogatories

Davis & Associates v. Anthony Williams, et al. Super. Ct. Civil 02-7762

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DAVIS & ASSOCIATES, ) | |
| ) | Civil Action No. 02-7762 |
| Plaintiff, ) | Judge Jeanette J. Clark |
| v. ) | Calendar No. 14 |
| ) | |
| ANTHONY WILLIAMS, et al., ) | [Next Event: Deadline Discovery |
| ) | Requests & Exchange Witness Lists |
| Defendants. ) | on 2/13/03.] |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to SCR-Civil 33(b), Defendant District of Columbia ("Defendant" or "District"), by and through undersigned counsel, herein responds to Plaintiff Davis & Associates' ("Plaintiff") First Set of Interrogatories to Defendant. Plaintiff named Anthony Williams and Natwar M. Ghandi as Defendant's in its Complaint, however, it appears that they are being sued in their official capacities and not as individuals. See Complaint ¶¶ 2 and 3. It should be noted that Plaintiff sent separate discovery requests to named Defendant's Anthony Williams and Natwar M. Ghandi. As Anthony Williams and Natwar M. Ghandi are being sued in their official capacities, the District is responding to this First Set of Interrogatories as the Defendant in this matter. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

The District objects to these discovery requests because it has a pending Motion for a Protective Order from Discovery Requests before this Court. The District filed the Motion for a Protective Order because it has a previously filed and pending Motion to Dismiss before the Court for lack of subject matter jurisdiction. The District contends that because the above-referenced concerns a contract entered into between the District and Plaintiff, Contract No. JB/14-00-03-GM ("Contract"), District of Columbia law requires the Superior Court to stay its

proceedings under the doctrine of primary jurisdiction when the D.C. Procurement Practices Act ("DCPPA") and the expertise of the CAB is implicated. Case law makes clear that there can be no simultaneous litigation of claims both before the Superior Court and an agency where any part of the claim falls within the primary jurisdiction of the agency. Lawlor v. District of Columbia, 758 A.2d 964, 974 (D.C. 2000). It is clear that the CAB has full statutory jurisdiction to hear the Plaintiff's case. Under these circumstances, discovery is inappropriate as against the Defendants, even more so in light of the broad and burdensome discovery requests at issue here.

To the extent the District responds to any discovery requests by the Plaintiff, the District adopts and incorporates this objection in every answer.

GENERAL OBJECTIONS

The Defendant objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine, law enforcement/investigative privilege, or any other similarly recognized privilege. Inadvertent production of any document or information which is so privileged, and which is otherwise immune from discovery, shall not constitute waiver of any such privilege or any other grounds for objecting to discovery with respect to such document or any other document, or the subject matter thereof, or the information contained therein, or of the right of the Defendant to object to the use of any such document or the information contained therein during any subsequent proceeding.

The Defendant objects to Plaintiff's instructions and definitions to the extent they seek to impose obligations beyond the requirements of SCR-Civil 26 and 33. The Defendant objects to Plaintiff's efforts to include in the language of interrogatories 2, 3, 6, 9, 10, and 14 an additional

2

question which would require the defendants to essentially identify all documents on which defendant relies in support of its responses to the interrogatories because it improperly imposes obligations contrary to SCR-Civil 33(d) and 34. The Defendant objects to Plaintiff's use of terms that are not defined in the "Definitions" section, including the term "financial institution" which Plaintiff never defines.

The Defendant has not undertaken to interview non-party former employees of the District of Columbia to respond to these interrogatories because the burden is substantially the same for the Plaintiff and the Defendant to discover such information or documentation possessed by such persons and is not otherwise required under SCR-Civil 33(c).

The information provided herein is based upon the Defendant's discovery investigation to date and the Defendant's obligations under the applicable rules. The Defendant notes for the record that the language, word usage, and sentence construction used herein are those of the Defendant's counsel, and not necessarily the person signing these responses. The Defendant may supplement these responses with responsive, non-privileged information later obtained where required to do so by SCR-Civil 26(f). Nothing in the specific objections or responses to the interrogatories is intended to waive the applicability of these general objections, which are incorporated by reference into each response.

DEFENDANT'S RESPONSE

Inter. No. 1:    Please identify all contractors including accountants and accounting firms hired to assist the PBC in recording financial activities, reconciling bank accounts and subsidiary ledgers, posting adjustments or preparing the financial statements for the FY 1997, 1998, 1999, 2000, 2001, and 2002.

Response:    The Defendant objects to Inter. No. 1 on the grounds that this interrogatory is vague and overly broad. In addition, the Defendant objects to Inter. No. 1

3

because it refers to years outside of the scope of Contract No. JB/14-00-03-GM ("Contract"),

that is contested in the above-referenced matter.

Inter. No. 2:   Please identify all "separate bank account(s)" of the PBC during the FY 2000 as referred to in the correspondence from the Office of the Inspector General dated May 2, 2001 [Exhibit A].

a.      Identify the institution.

Response:      The Defendant objects to Inter. No. 2(a) on the grounds that this

interrogatory is vague and overly broad, and burdensome.

b.      Identify the account number.

Response:      The Defendant objects to Inter. No. 2(b) on the grounds that it calls

for privileged information.

c.      Identify all signatories on the account.

Response:      The Defendant objects to Inter. No. 2(c) on the grounds that it is

overly broad and burdensome.

d.      Identify the person who authorized setting up the account.

Response:      The Defendant objects to Inter. No. 2(d) on the grounds that it is

overly broad and burdensome.

Inter. No. 3:   Please state the total numbers of funds (both Federal & State) received from Medicaid/Medicare/DSH as a result of the FY 1999 PBC "hospital cost reports" and the "black book" submitted by Davis & Associates.

Response:      The Defendant objects to Inter. No. 3 on the grounds that it is vague,

overly broad, and burdensome.  In addition, Defendant objects to Inter. No. 3 because it contains

terms not defined by the Plaintiff in its "Definitions" section above.

Inter. No. 4:   Please state whether the subsidiary ledger(s) maintained by the PBC/D.C. General during FY 2002 record "funds" received from Medicaid/Medicare/DSH, paid pursuant to the hospital cost report and the Black Book.

Response:    The Defendant objects to Inter. No. 4 on the grounds that it is vague, overly broad, and burdensome.  In addition, the Defendant objects to Plaintiff's reference to a year outside of the scope of the Contract that is contested in the above-referenced matter.

Inter. No. 5:    Identify the financial institution, which is the depository for the "PBC Fund."

Response:    The Defendant objects to Inter. No. 5 on the grounds that the information sought is duplicative of information requested in Inter. No. 1.

Inter. No. 6:    Identify any and all PBC/DCG funds recorded in any District-controlled account other than the dedicated Fund account.

Response:    The Defendant objects to Inter. No. 6 on the grounds that it is vague and overly broad.

Inter. No. 7:    Identify D.C. Government person(s) who discussed Davis & Associates contractual, invoice, and payment issues with Members of the U.S. House and Senate.

Response:    The Defendant objects to Inter. No. 7 on the grounds that it is vague, overly broad, and irrelevant.

Inter. No. 8:    State the reason that the PBC opened "separate bank account(s)" during the FY 2000.

Response:    The Defendant objects to Inter. No. 8 as making an unsubstantiated conclusion regarding PBC.  Additionally, the Defendant objects to Inter. No. 8 as irrelevant and calling for privileged information.

Inter. No. 9:    Identify the amount and source of the funds in each account listed in #8 above and who authorized their funding.

Response:    The Defendant objects to Inter. No. 9 as vague, overly broad, and irrelevant.

Inter. No. 10:  Please state all Medicaid/Medicare I.D. numbers for the PBC (including its clinics).

Response:    The Defendant objects to Inter. No. 10 on the grounds that it calls for privileged information.

Inter. No. 11: Please identify all persons, entities, firms, or staff used by the Office of the Chief Financial Officer, the Officer of the Inspector General or the District Corporation Counsel to review, audit, verify, assess or analysis, claims or invoices of Davis & Associates, related to Contract Number JB-14-00-03-GBM, PBC 1999 Hospital cost report or Revenue Recovery activities of the PBS.

Response:    The Defendant objects to Inter. No. 11 as overly broad, burdensome, and that it calls for privileged information.  In addition, the Defendant objects to terms used by the Plaintiff that was not defined in the "Definitions" section above.

Inter. No. 12: List all consultants, contractors, or sub-contractors used by the District of Columbia related to the 1999, 2000, 2001 CAFR, PBC audit, Department of Health audit, Medical Assistance Administration and the Office of Grants Management audits.

Response:    The Defendant objects to Inter. No. 12 as overly broad and burdensome. Additionally, the District objects to this interrogatory because Plaintiff seeks information for years, which are outside the term of the Contract that is the subject of the above-referenced matter.  The Defendant also objects to Plaintiff's use of terms that it did not defined in the "Definitions" section above.

Inter. No. 13: List all consultants, contractors, or sub-contractors used by the District of Columbia or the PBC related to Medicaid/Medicare for FY 1997, 1998, 1999, 2000, 2001, and 2002.

Response:    The Defendant objects to Inter. No. 13 as overly broad, burdensome, and seeks information for years which are outside the term of the Contract that is the subject of the above-referenced matter.

Inter. No. 14: Identify all PBC Medicaid/Medicare funds recorded and non-recorded on the PBS financials or the Fund for FY 1999, 2000, 2001, and 2002.

Response:    The Defendant objects to Inter. No. 14 as overly broad, burdensome, and seeks information years which are outside the term of the Contract that is the subject of the above-referenced matter.

As to Defendant's objections, the Defendant adopts and incorporates its objection to this discovery request because the Defendant has a pending Motion for a Protective Order pending before this Court.

Date:    January 17, 2003            Respectfully submitted,

ARABELLA W. TEAL
Interim Corporation Counsel, D.C.

CHARLES F. BARBERA
Deputy Corporation Counsel, D.C.

BRUCE BRENNAN
Assistant Deputy Corporation Counsel, D.C.
Commercial Division

_____
MARK D. BACK, D.C. Bar No. 412092
Section Chief, Contracts, Regulatory & Personnel

_____
JENNIFER L. LONGMEYER, D.C. Bar No. 470356
Assistant Corporation Counsel, D.C.
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6644
Facsimile: (202) 727-0431

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant's Response to Plaintiff's First Set of Interrogatories to Defendant was sent by U.S. mail, first-class, postage prepaid, this 17th day of January 2003, to:

Michael S. Rozier, Esq.

6188 Oxon Hill Road, Suite 801
Oxon Hill, MD   20745

_____

JENNIFER L. LONGMEYER