Davis & Associates v. District of Columbia, et al.
D.D.C. Civil No. 06-972 (GK)

District of Columbia Motion to Dismiss- August 10, 2006

Exhibit 3 – January 17, 2003, District of Columbia Responses to Requests for Production of Documents

Davis & Associates v. Anthony Williams, et al. Super. Ct. Civil 02-7762

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DAVIS & ASSOCIATES, )<br>)<br>) Plaintiff, )<br>v. )<br>)<br>ANTHONY WILLIAMS, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 02-7762<br>Judge Jeanette J. Clark<br>Calendar No. 14<br><br>[Next Event: Deadline Discovery Requests & Exchange Witness Lists on 2/13/03.] |

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT

Pursuant to SCR-Civil 34(b), Defendant District of Columbia ("Defendant" or "District"), by and through undersigned counsel, herein responds to Plaintiff Davis & Associates' ("Plaintiff") First Request for Production of Documents to Defendant. Plaintiff named Anthony Williams and Natwar M. Ghandi as Defendant's in its Complaint, however, it appears that they are being sued in their official capacities and not as individuals. See Complaint ¶¶ 2 and 3. It should be noted that Plaintiff sent separate discovery requests to named Defendant's Anthony Williams and Natwar M. Ghandi. As Anthony Williams and Natwar M. Ghandi are being sued in their official capacities, the District is responding to this First Set of Interrogatories as the Defendant in this matter. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

The District objects to these discovery requests because it has a pending Motion for a Protective Order from Discovery Requests before this Court. The District filed the Motion for a Protective Order because it has a previously filed and pending Motion to Dismiss before the Court for lack of subject matter jurisdiction. The District contends that because the above-

referenced concerns a contract entered into between the District and Plaintiff, Contract No. JB/14-00-03-GM ("Contract"), District of Columbia law requires the Superior Court to stay its proceedings under the doctrine of primary jurisdiction when the D.C. Procurement Practices Act ("DCPPA") and the expertise of the CAB is implicated. Case law makes clear that there can be no simultaneous litigation of claims both before the Superior Court and an agency where any part of the claim falls within the primary jurisdiction of the agency. <u>Lawlor v. District of Columbia</u>, 758 A.2d 964, 974 (D.C. 2000). It is clear that the CAB has full statutory jurisdiction to hear the Plaintiff's case. Under these circumstances, discovery is inappropriate as against the Defendants, even more so in light of the broad and burdensome discovery requests at issue here.

To the extent the District responds to any discovery requests by the Plaintiff, the District adopts and incorporates this objection in every answer.

To the extent that the Defendant is providing documents for inspection by Plaintiff's counsel, such inspection shall take place in a conference room at the Office of the Corporation Counsel, located at 441 4th Street, N.W., 6th Floor South, Washington, D.C., 20001, at a mutually convenient time to be arranged by and between counsel.

## GENERAL OBJECTIONS

The Defendant objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine, law enforcement/investigative privilege, or any other similarly recognized privilege. Inadvertent production of any document or information which is so privileged, and which is otherwise immune from discovery, shall not constitute waiver of any such privilege or any other grounds for objecting to discovery with respect to such document or any other document, or the subject

matter thereof, or the information contained therein, or of the right of the Defendant to object to the use of any such document or the information contained therein during any subsequent proceeding.

The Defendant objects to Plaintiff's instruction and definitions to the extent they seek to impose obligations beyond the requirements of SCR-Civil 34. The Defendant objects to Plaintiff's references in paragraphs 2, 3, 4, 6, 7, 8, 9, 10, 13, and 18 to years and or fiscal years outside of the contract period for Contract No. JB-14-00-03-GM ("Contract") which is the contract matter before this Court.

The Defendant has not undertaken to interview non-party former employees of the now-defunct D.C. Public Benefit Corporation ("PBC") to respond to these requests for production of documents since the burden is substantially the same for the Plaintiff and the Defendant to discover such information or documentation possessed by such persons and is not otherwise required under SCR-Civil 34(a). In addition, where a former PBC employee might possess relevant documentation to respond to this request for production of documents, but such former employee is engaged in administrative or other litigation against the District, an interview of such person generally is not practical or possible.

The documentation to be made available for inspection and/or copying is based upon the Defendant's discovery to date and the Defendant's obligations under the applicable District of Columbia Superior Court Rules. The Defendant notes for the record that the language, word usage, and sentence construction used herein are those of the Defendant's counsel. The Defendant notes for the record, SCR-Civil 34(b) does not require a submission under oath by the parties. The Defendant may supplement these responses with responsive, non-privileged documentation later obtained where required to do so by SCR-Civil 26(f).

## DEFENDANT'S RESPONSE

<u>Doc. Req. No. 1</u>:   Any and all documents relating to audits, reviews, analysis, or assessment of contracts, invoices, or other documents, minutes of meetings, or notes related to Davis & Associates.

<u>Response</u>:   The Defendant objects to Doc. Req. No. 1 as vague and overly broad to the extent the phrase "any and all documents" fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect and to the extent it seeks information which is beyond any relevant time frame and, therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations.

<u>Doc. Req. No. 2</u>:   Any and all audit reports and work papers in connection with the District of Columbia Health and Hospital Public Benefit Corporation [PBC] during FY 1997, 1998, 1999, 2000, 2001, and 2002.

<u>Response</u>:   The Defendant objects to Doc. Req. No. 2 as vague and overly broad because it fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect and to the extent it seeks information which is beyond any relevant time frame and, therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations.

<u>Doc. Req. No. 3</u>:   Any audit report, review or analysis, compiled during the year 1999, 2000, 2001, or 2002, which in any relates or refers to contract #JB-14-00-03GM.

<u>Response</u>:   The Defendant objects to Doc. Req. No. 3 as vague and overly broad to the extent the phrase "any audit report, review or analysis" fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect. In addition, the Defendant objects to Doc. Req. No. 3 to the extent it seeks information, which is beyond any relevant time frame and, therefore, seeks irrelevant information, which is not calculated to lead to the discovery of

4

admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations.

<u>Doc. Req. No. 4</u>: Produce copies of the subsidiary ledgers which were not reconciled to the related general ledger control accounts for the FY 1999, 2000, or 2001.

<u>Response</u>: The Defendant objects to Doc. Req. No. 4 as vague and overly broad because it fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect. In addition, the Defendant objects to Doc. Req. No. 4 to the extent it seeks information, which is beyond any relevant time frame and, therefore, seeks irrelevant information, which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations. The Defendant also objects to the use of terms not defined by the Plaintiff in the "Definitions" section above.

<u>Doc. Req. No. 5</u>: All correspondence sent or received relating to Davis & Associates and the "contract."

<u>Response</u>: The Defendant objects to Doc. Req. No. 5 as vague and overly broad to the extent the phrase "all correspondence" fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect. In addition, the Defendant objects to Doc. Req. No. 5 to the extent it seeks information, which is beyond any relevant time frame and, therefore, seeks irrelevant information, which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations. Additionally, the Defendant objects to Doc. Req. No. 5 to the extent it seeks attorney work product and attorney-client privileged documentation.

<u>Doc. Req. No. 6</u>: All documentation regarding payments made by Medicaid/Medicare regarding payments to the PBC for FY 1998, 1999, 2000, 2001, and 2002.

<u>Response</u>: The Defendant objects to Doc. Req. No. 6 as vague and overly broad to the extent the phrase "all documentation" fails to describe with reasonable particularity the

5

documents which Plaintiff seeks to inspect. In addition, the Defendant objects to Doc. Req. No. 3 to the extent it seeks information, which is beyond any relevant time frame and, therefore, seeks irrelevant information, which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations.

Doc. Req. No. 7:    Copies of the PBC's FY 1999 cost reports submitted to Medicaid/Medicare.

Response:    The Defendant objects to Doc. Req. No. 7 as vague and overly broad. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations. The Defendant also objects to the use of terms not defined by the Plaintiff in the "Definitions" section above.

Doc. Req. No. 8:    Copies of the 1999, 2000, 2001, 2002 *HFCFA 64* used to draw down Medicaid funds from federal government and supporting documentation used as the basis for such request.

Response:    The Defendant objects to Doc. Req. No. 8 as vague because it uses a term not defined by the Plaintiff in the "Definition" section above. In addition, the Defendant objects to Doc. Req. No. 8 as overly broad because it fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect and to the extent it seeks information which is beyond any relevant time frame and, therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations.

Doc. Req. No. 9:    A copy of Medicaid agency *CPO 75* report relating to the PBC for the FY 2000, 2001, and 2002.

Response:    The Defendant objects to Doc. Req. No. 9 as vague because it uses a term not defined by Plaintiff in the "Definitions" section above. In addition, the Defendant objects to

6

Doc. Req. No. 9 as overly broad because it fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect and to the extent it seeks information which is beyond any relevant time frame and, therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations.

Doc. Req. No. 10:   Copies of all reconciliations of the general ledger account of the PBC during the FY 1999, 2000, and 2001.

Response:   The Defendant objects to Doc. Req. No. 10 because it uses a term not defined by the Plaintiff in the "Definitions" section above. In addition, the Defendant objects to Doc. Req. No. 10 as vague and overly broad to the extent the phrase "all reconciliations" fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect and to the extent it seeks information which is beyond any relevant time frame and, therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations.

Doc. Req. No. 11:   Copies of all documents created by any financial auditors relating to the PBC.

Response:   The Defendant objects to Doc. Req. No. 11 as vague and overly broad to the extent the phrase "all documents" fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect and to the extent it seeks information which is beyond any relevant time frame and, therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations. Additionally, the Defendant

objects to Doc. Req. No. 11 to the extent it seeks attorney work product and attorney-client privileged documentation.

Doc. Req. No. 12:   Copies of all PBC Medicaid audit documents and work papers created by the Medicaid Assistance Administration and their outside auditors.

Response:   The Defendant objects to Doc. Req. No. 12 as vague and overly broad to the extent the phrase "all PBC Medicaid audit documents and work papers" fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect and to the extent it seeks information which is beyond any relevant time frame and, therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations. Additionally, the Defendant objects to Doc. Req. No. 12 to the extent it seeks attorney work product and attorney-client privileged documentation.

Doc. Req. No. 13:   Copies of all reports issued by any consultant, contractor or sub-contractor related in any way to the "contract" for FY 1999.

Response:   The Defendant objects to Doc. Req. No. 13 as vague and overly broad to because it fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect and to the extent it seeks information which is beyond any relevant time frame and, therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations. Additionally, the Defendant objects to Doc. Req. No. 13 to the extent it seeks attorney work product and attorney-client privileged documentation.

Doc. Req. No. 14:   Copy of any audit, contract review, document review or any analysis, invoice review, audit or any other documentation related to Davis & Associates.

Response:   The Defendant objects to Doc. Req. No. 14 as vague and overly broad because it fails to describe with reasonable particularity the documents which Plaintiff seeks to

inspect and to the extent it seeks information which is beyond any relevant time frame and, therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations. Additionally, the Defendant objects to Doc. Req. No. 14 to the extent it seeks attorney work product and attorney-client privileged documentation.

Doc. Req. No. 15:    A copy of the executed "contract" between Davis & Associates and D.C. General Hospital (contract #JB-14-00-03-GM).

Response:    The Defendant objects to Doc. Req. No. 15 because Plaintiff attached a copy of the executed "Contract" with its Complaint, therefore, this request is duplicative of documentation already in Plaintiff's possession. The only purpose this document request serves is to burden the Defendant with duplicative discovery obligations.

Doc. Req. No. 16:    A copy of any modification to contract #JB-14-00-03-GM.

Response:    The Defendant objects to Doc. Req. No. 16 as duplicative of documents that should already be in Plaintiff's possession. The only purpose this document request serves is to burden the Defendant with duplicative discovery obligations.

Doc. Req. No. 17:    Copies of all invoices submitted by Davis & Associates regarding the "contract."

Response:    The Defendant objects to Doc. Req. No. 16 as duplicative of documents that should already be in Plaintiff's possession. The only purpose this document request serves is to burden the Defendant with duplicative discovery obligations.

Doc. Req. No. 18:    A copy of all documents and work papers relating to DHS, by hospital, for FY 1998, 1999, 2000, 2001, 2002, and 2003.

Response:    The Defendant objects to Doc. Req. No. 18 as vague and overly broad because it fails to describe with reasonable particularity the documents which Plaintiff seeks to inspect and to the extent it seeks information which is beyond any relevant time frame and,

9

therefore, seeks irrelevant information which is not calculated to lead to the discovery of admissible evidence. The only purpose this document request serves is to burden the Defendant with irrelevant discovery obligations. Additionally, the Defendant objects to Doc. Req. No. 18 to the extent it seeks attorney work product and attorney-client privileged documentation.

Date:   January 17, 2003            Respectfully submitted,

                                    ARABELLA W. TEAL,
                                    Corporation Counsel, D.C.

                                    CHARLES F. BARBERA
                                    Deputy Corporation Counsel, D.C.

                                    BRUCE BRENNAN
                                    Assistant Deputy Corporation Counsel, D.C.
                                    Commercial Division


                                    _____
                                    MARK D. BACK, D.C. Bar No. 412092
                                    Section Chief, Contracts, Regulatory & Personnel


                                    _____
                                    JENNIFER L. LONGMEYER, D.C. Bar No. 470356
                                    Assistant Corporation Counsel, D.C.
                                    441 Fourth Street, N.W., 6th Floor South
                                    Washington, D.C. 20001
                                    Telephone: (202) 724-6644
                                    Facsimile: (202) 737-0431


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant's Response to Plaintiff's First Request for Production of Documents to Defendant was sent by U.S. mail, first-class, postage prepaid, this 17th day of January 2003, to:

Michael S. Rozier, Esq.

6188 Oxon Hill Road, Suite 801
Oxon Hill, MD   20745

_____
JENNIFER L. LONGMEYER