Davis & Associates v. District of Columbia, et al.
D.D.C. Civil No. 06-972 (GK)

District of Columbia Motion to Dismiss- August 10, 2006

Exhibit 4 – January 17, 2003, District of Columbia Responses to Requests for
Admissions

Davis & Associates v. Anthony Williams, et al. Super. Ct. Civil 02-7762

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

|  |  |  |
|---|---|---|
| DAVIS & ASSOCIATES, | ) | |
| | ) | Civil Action No. 02-7762 |
| Plaintiff, | ) | Judge Jeanette J. Clark |
| v. | ) | Calendar No. 14 |
| | ) | |
| ANTHONY WILLIAMS, et al., | ) | [Next Event: Deadline Discovery |
| | ) | Requests & Exchange Witness Lists |
| Defendants. | ) | on 2/13/03.] |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### FIRST REQUEST FOR ADMISSIONS OF DEFENDANT

Pursuant to SCR-Civil 33(b), Defendant District of Columbia ("Defendant" or "District"), by and through undersigned counsel, herein responds to Plaintiff Davis & Associates' ("Plaintiff") First Request for Admissions of Defendant. Plaintiff named Anthony Williams and Natwar M. Ghandi as Defendant's in its Complaint, however, it appears that they are being sued in their official capacities and not as individuals. See Complaint ¶¶ 2 and 3. It should be noted that Plaintiff sent separate discovery requests to named Defendant's Anthony Williams and Natwar M. Ghandi. As Anthony Williams and Natwar M. Ghandi are being sued in their official capacities, the District is responding to this First Set for Admissions of Defendant in this matter. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

The District objects to these discovery requests because it has a pending Motion for a Protective Order from Discovery Requests before this Court. The District filed the Motion for a Protective Order because it has a previously filed and pending Motion to Dismiss before the Court for lack of subject matter jurisdiction. The District contends that because the above-referenced concerns a contract entered into between the District and Plaintiff, Contract No.



JB/14-00-03-GM ("Contract"), District of Columbia law requires the Superior Court to stay its proceedings under the doctrine of primary jurisdiction when the D.C. Procurement Practices Act ("DCPPA") and the expertise of the CAB is implicated. Case law makes clear that there can be no simultaneous litigation of claims both before the Superior Court and an agency where any part of the claim falls within the primary jurisdiction of the agency. <u>Lawlor v. District of Columbia</u>, 758 A.2d 964, 974 (D.C. 2000). It is clear that the CAB has full statutory jurisdiction to hear the Plaintiff's case. Under these circumstances, discovery is inappropriate as against the Defendants, even more so in light of the broad and burdensome discovery requests at issue here.

To the extent the District responds to any discovery requests by the Plaintiff, the District adopts and incorporates this objection in every answer.

<u>GENERAL OBJECTIONS</u>

The Defendant objects to the definitions of Plaintiff's First Request for Admissions to Defendant to the extent that they differ from or purport to set forth requirements in addition to those required by SCR-Civil 36 and to the extent they purport to apply a definition of terms broader than or different from that required under the Rule.

The Defendant objects to the definitions and requests for admissions to the extent that they are overly broad, vague, and repetitive.

The Defendant objects to the production of any documents and information otherwise responsive to a request for admissions where such documents and/or information are protected by the attorney-client privilege, governmental deliberative-process privilege, or governmental pre-decisional privilege, work-product privilege, law enforcement privilege, or any other similarly recognized privilege or doctrine. Inadvertent production of any document which is so

2

privileged, and which is otherwise protected from discovery, shall not constitute waiver of any such privilege or waiver of any other grounds for objecting to discovery with respect to such document or any other document, or the subject matter thereof, or the information contained therein, or of the rights of Defendant to object to the use of any such document or the information contained therein during any subsequent proceeding, including, without limitation, dispositive motions or trial.

The information provided herein is based upon Defendant's investigation to date and their obligations under the applicable Rules. Defendant may supplement these responses with responsive, non-privileged information or documents or both later obtained where required to do so by the Rules. Please note that Defendant will not provide home addresses, telephone numbers, or social security numbers based on privacy considerations, including the Privacy Act of 1974, for past or present government employees. In addition, there is no purpose served in providing business telephone numbers of government employees.

Any and all documents that Defendant agrees to produce pursuant to the responses to these requests for admissions will be produced only as maintained in the ordinary course of business.

Nothing in the specific objections or responses to the individual requests for admissions is intended to be and shall not be construed to waive the applicability of these general objections, which are incorporated by reference into each response.

<u>RESPONSES TO REQUESTS FOR ADMISSIONS</u>

1.    Admit that the PBC entered into a legal agreement with Davis & Associates specifically contract #JB-14-00-03-GM.

<u>Response</u>:    Defendant admits that PBC entered into Contract No. JB-14-00-03-GM with Plaintiff.

3

2.    Admit that Davis & Associates were to be paid a percentage of any additional funds
      received by the PBC over the baseline amount stated in the contract.

      <u>Response</u>:    Defendant denies that the Contract states that the Plaintiff was to be paid a

percentage of any additional funds "received" by PBC over a baseline amount.

3.    Admit that Davis & Associates prepared hospital costs reports for Medicaid/Medicare FY
      1999 in accordance with the "contract" which showed a PBC receivable from Medicaid.

      <u>Response</u>:    Defendant objects to this admission request because it contains terms not

defined in the "Definitions" section and this admission request is vague and ambiguous.

4.    Admit that Medicaid/Medicare/DSH funds for the PBC were received or owed during FY
      2000, 2001, and 2002 for services provided to patients by the PBC during FY 1999.

      <u>Response</u>:    Defendant objects to this admission request because it is not relevant or

likely to lead to the discovery of material admissible evidence and it is beyond the scope of any

and all claims or issues in the Complaint.

5.    Admit that Medicaid/Medicare/DSH funds were received by the PBC for services
      rendered by the PBC based on hospital costs reports prepared by Davis & Associates.

      <u>Response</u>:    Denied.

6.    Admit during a portion of FY 1999 no subsidiary ledger activity was reconciled to the
      related general ledger control accounts.

      <u>Response</u>:    Defendant objects to this admission request because it is not relevant or

likely to lead to the discovery of material admissible evidence and because it contains terms not

defined in the "Definitions" section.  In addition, the Defendant objects because this admission

request is vague and ambiguous.

7.    Admit that during the FY 2000, the PBC maintained separate subsidiary ledgers to
      account for patient accounts receivables.

      <u>Response</u>:    Defendant objects to this admission request because it is not

relevant or likely to lead to the discovery of material admissible evidence and because it contains

4

terms not defined in the "Definitions" section.   In addition, the Defendant objects to this admission request because it is vague, ambiguous, and beyond the scope of any and all claims or issues in the Complaint.

8.   Admit that during the FY 2001, the PBC maintained separate subsidiary ledgers to account for patient accounts receivables.

Response:   Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and because it contains terms not defined in the "Definitions" section.   In addition, the Defendant objects to this admission request because it is vague, ambiguous, and beyond the scope of any and all claims or issues in the Complaint.

9.   Admit that during the FY 2002, the PBC maintained separate subsidiary ledgers to account for patient accounts receivables.

Response:   Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and because it contains terms not defined in the "Definitions" section.  In addition, the Defendant objects to this admission request because it is vague, ambiguous, and beyond the scope of any and all claims or issues in the Complaint.

10.   Admit that there were PBC accounts receivables from Medicaid/Medicare/DSH that were not recorded on the general ledger control account of the District of Columbia during the FY 2000.

Response:   Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and because it contains terms not defined in the "Definitions" section.  In addition, the Defendant objects to this admission request because it is vague, ambiguous, and beyond the scope of any and all claims or issues in the Complaint.

5

11.     Admit that there were PBC accounts receivables from Medicaid/Medicare/DSH that were not recorded on the general ledger control account of the District of Columbia during the FY 2001.

Response:     Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and because it contains terms not defined in the "Definitions" section. In addition, the Defendant objects to this admission request because it is vague, ambiguous, and beyond the scope of any and all claims or issues in the Complaint.

12.     Admit that there were PBC accounts receivables from Medicaid/Medicare/DSH that were not recorded on the general ledger control account of the District of Columbia funding the FY 2002.

Response:     Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and because it contains terms not defined in the "Definitions" section. In addition, the Defendant objects to this admission request because it is vague, ambiguous, and beyond the scope of any and all claims or issues in the Complaint.

13.     Admit that during FY 2000 the District Department of Health and the PBC maintained "separate Government PBC account(s)."

Response:     Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and it is beyond the scope of any and all claims or issues in the Complaint.

14.     Admit that during FY 2001 the District Department of Health and the PBC maintained "separate Government PBC account(s)."

Response:     Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and it is beyond the scope of any and all claims or issues in the Complaint.

15.    Admit that during FY 2002 the District Department of Health and the PBC maintained "separate Government PBC account(s)."

Response:    Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and it is beyond the scope of any and all claims or issues in the Complaint.

16.    Admit that during FY 2000 the PBC maintained "separate bank account(s)."

Response:    Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and it is beyond the scope of any and all claims or issues in the Complaint.

17.    Admit that during FY 2001 the PBC maintained "separate bank account(s)."

Response:    Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and it is beyond the scope of any and all claims or issues in the Complaint.

18.    Admit that during FY 2002 the PBC maintained "separate bank account(s)."

Response:    Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and it is beyond the scope of any and all claims or issues in the Complaint.

19.    Admit that Medicaid/Medicare/DSH payments were received for FY 1999 PBC services provided to patients.

Response:    Denied.

20.    Admit that Davis & Associates were authorized to prepare the PBC "cost reports" for the FY 1999.

Response:    Defendant objects to this admission request because it contains terms not defined in the "Definitions" section.

21.     Admit that "you" received from Davis & Associates invoice(s) requesting payment for services provided under PBC contract #JB-14-00-03-GM, at the request of Sam Kaiser, General Counsel to the CFO.

        Response:       Defendant objects to this admission request because it is not relevant or

likely to lead to the discovery of material admissible evidence.

22.     Admit that "you" received from Davis & Associates invoice(s) requesting payment for services provided under PBC contract #JB-14-00-03-GM, at the request of Nancy Hapeman, General Counsel of the Department of Contracts and Procurement.

        Response:       Defendant objects to this admission request because it is not relevant or

likely to lead to the discovery of material admissible evidence and it is beyond the scope of any

and all claims or issues in the Complaint.

23.     Admit that the mayor is the agent for collecting PBC's "dedicated revenue."

        Response:       Defendant objects to this admission request because it is not relevant or

likely to lead to the discovery of material admissible evidence and it is beyond the scope of any

and all claims or issues in the Complaint.

24.     Admit that "you" received a copy of the "black book," which detailed receivables due to the PBC and the method of drawing down federal/state Medicaid funds.

        Response:       Defendant objects to this admission request because it is not relevant or

likely to lead to the discovery of material admissible evidence and it is beyond the scope of any

and all claims or issues in the Complaint.

25.     Admit that "you" provided an additional copy of the "black book" at the request of Mr. Hunter Clark, General Counsel to the CFO.

        Response:       Defendant objects to this admission request because it is not relevant or

likely to lead to the discovery of material admissible evidence and it is beyond the scope of any

and all claims or issues in the Complaint.

26.     Admit that dedicated revenue payable to D.C. General from Medicaid/Medicare funds were deposited in a "separate Department of Health or commercial bank account."

Response:    Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and it is beyond the scope of any and all claims or issues in the Complaint.

27.    Admit that pursuant to D.C. Code § 32-262.6(a) "dedicated revenue" is to be deposited only into the "PBC Fund."

Response:    Defendant objects to this admission request because it is not relevant or likely to lead to the discovery of material admissible evidence and it is beyond the scope of any and all claims or issues in the Complaint.

Date:    January 17, 2003        Respectfully submitted,

ARABELLA W. TEAL
Corporation Counsel, D.C.

CHARLES F. BARBERA
Deputy Corporation Counsel, D.C.

BRUCE BRENNAN
Assistant Deputy Corporation Counsel, D.C.
Commercial Division

_____
MARK D. BACK, D.C. Bar No. 412092
Section Chief, Contracts, Regulatory & Personnel

_____
JENNIFER L. LONGMEYER, D.C. Bar No. 470356
Assistant Corporation Counsel, D.C.
441 Fourth Street, N.W., 6th Floor South
Washington, D.C.  20001
Telephone:  (202) 724-6644
Facsimile:  (202) 727-0431

9

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant's Response to

Plaintiff's First Request for Admissions of Defendant was sent by U.S. mail, first-class, postage

prepaid, this 17th day of January 2003, to:

    Michael S. Rozier, Esq.
    6188 Oxon Hill Road, Suite 801
    Oxon Hill, MD  20745


                      _____
                      JENNIFER L. LONGMEYER