**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVIS & ASSOCIATES, INC.,                   :
                                            :
                                            :
v.                                          :      Civil No. 6CV 00972 (GK)
                                            :      No Current Order
                                            :
THE DISTRICT OF COLUMBIA, et al.,           :
                                            :
_____:

PARTIES' LCv R 16.3 Statement

Defendant District of Columbia, Anthony Williams and Dr. Natwar Ghandi, in their official capacity, collectively "the District", and Davis & Associates, plaintiff herein, submit herewith their LCvR 16.3 (c) statement having conducted an initial meeting on August 25, 2006, listing herewith their responses to the provisions of LCvR 16.3(c)

(1)  Whether the case is likely to be disposed of by dispositive motion; and whether if a dispositive motion has already been filed, the parties should recommend to the court that discovery of other matters should await a decision on the motion.

Response: The parties believe that formal discovery should await a decision on the motion but are attempting to proceed with the disclosures required by Fed. R. Civ. P. 26(a).

(2)  The date by which all other parties shall be joined or the pleadings amended and whether some or all of the factual and legal issues can be agreed upon.

Response: Plaintiff will complete filing of service of process information within 30 days of the parties' initial meeting on August 25, 2006. Narrowing of issues and possible agreement awaits Fed. R. Civ. P. 26(a) disclosures and the decision on the motion.

(3)  Whether the case should be assigned to a magistrate judge for all purposes including trial.

Response:  Neither Plaintiff nor the District believe that it should be assigned to a magistrate judge.

(4)  Whether there is a realistic possibility of settling the case.

Response:  Not at this time.

(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related stapes should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not proceed an agreement;

(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb) whether ADR should take place before or after the judicial resolution of key legal issues;

(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v) whether cost savings or any other practical advantages would flow from a stay of discovery or other pre-trial proceedings while an ADR process is pending.

Response: The parties have agreed to discuss all aspects of the ADR system and the timing of its use with their clients. Upon the question of whether settlement has been attempted, plaintiff and the District would agree that plaintiff made an initial presentation to District officials as early as August, 2001, submitting generalized invoices and then proceeded to file an action in the Superior Court on the PBC contract in August, 2002, with an initial dismissal of the complaint and eventual affirmation of that dismissal as set forth in *Davis & Associates v. Williams*, 2006 D.C. App. Lexis 83, 896 A. 2d 1144 (2006). During the pendency of the appeal, according to the District's records, plaintiff made several presentations to various elected and appointed officials at the District and federal level. In addition, the District undertook an audit of the PBC contract, a copy of which is attached hereto, dated September 15, 2005, indicating that there had been no demonstrable performance on the PBC contract. The parties believe that ADR may be appropriate once initial disclosures have been made and initial discovery has occurred and the initial dispositive motion has been decided.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies and proposed dates for decisions on the motions.

The District believes that the matter could be resolved by summary judgment or a motion to dismiss and has so moved initially. The District believes that any filing of further dispositive motions should come only at the end of discovery which could take a full year owing to the difficulty of locating individuals knowledgeable about both contracts; in addition, the filing dates, from the District's perspective should occur not earlier than 60 days after the close of discovery with a minimum of 30 days for any opposition and 20 days for any reply necessary thereto. The date for decision on the motion, from the District's perspective, should not be

earlier than 90 days from the date upon which all motions, oppositions and replies have been filed. The plaintiff's position is that the matter need not and cannot be resolved by summary judgment or a motion to dismiss. In addition, plaintiff is comfortable with the filing times proposed by the Defendant.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Response: The parties believe that the initial disclosures should be made and will endeavor to do so in a timely fashion within forty five days of the Initial Scheduling Conference.

(8) The anticipated extent to discovery, how long discovery should take, what limits should be place on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.

Response: The District takes the position that it may take a minimum of one year to attempt to locate individuals knowledgeable about the performance of both contracts given the lapse of time from the contract dates to the current litigation and cannot predict at this time what limits must be placed on the number of depositions; the completion of all discovery including document production, answers to interrogatories and requests for admission as well as depositions may take a year and a half. Accordingly, Track III, which provides for discovery to be completed within 210 days of the initial scheduling conference or the decision date on the initial dispositive motion (whichever is the later to occur) might be initially appropriate but would in all likelihood require an enlargement. The plaintiff believes that Track III would be

appropriate only if the initial start date would be run from the decision on the initial dispositive motion.

(9)     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a) (2), F.R. Civ. P, should be modified, and whether and when depositions of experts should occur.

Response: The parties are uncertain at this time whether expert testimony will be required; the District takes the position further that should expert testimony be needed the reports should be exchanged in accord with the Rule and that such depositions should occur at the conclusion of other fact witnesses' depositions.

(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Response: The parties agree that there is no class action issue in this litigation.

(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Response: The parties do not believe at this time that bifurcation is necessary. The District would appreciate the assistance of a Magistrate judge in managing discovery if necessary.

(12)    The date for the pre-trial conference (understanding that a trial will take place 30 to 60 days thereafter).

Response: The District takes the position that the pre-trial conference should take place not earlier than 90 days after the decision on the final dispositive motions since the District may

be compelled to make arrangements to locate witnesses and secure their attendance well in advance of the pre-trial conference. The District's further position is that no trial take place sooner than 90 days from the date of the pre-trial conference.  The plaintiff's position is that the timing contained in Track III is adequate.

(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pre-trial conference from 30 to 60 days after that conference.

Response:  The parties take the position that no firm trial date should be set at the first scheduling conference. The plaintiff has no objection to a trial date set 30 to 60 days after the pre-trial conference.  The District takes the further position as set forth in (12), *supra* that no trial take place sooner than 90 days from the date of the pre-trial conference.

(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

Response:  The parties note their respective positions as set forth in Nos. (1)- (13), *supra*, for the Court's guidance.

Dated: September 15, 2006         Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

   */S/ Kimberly M. Johnson*
KIMBERLY M. JOHNSON   D.C. Bar No. 435163
Chief, General Litigation Section 1

                    */s/ Thomas J. Foltz*
THOMAS J. FOLTZ
Assistant Attorney General
D.C. Bar No. 462858
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6652
(202) 727-0431 (fax)
E mail: Thomas.foltz@dc.gov

              */s/ Johnny M. Howard*
Johnny M. Howard, Esq.
D.C. Bar No. 264218
Houston & Howard
1001 Connecticut Avenue, N.W., Ste. 402
Washington, D.C. 20036
Telephone: 202-628-7058
E mail: houhow@erols.com

## CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system. This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on September 15th 2006.

                    */s/ Thomas J. Foltz*
                    Thomas J. Foltz, Esq.

Davis & Associate 06 972 DC Parties LCvR 16.3 Statement E Sign 091506