**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAVIS & ASSOCIATES, INC., | : | |
| | : | |
| v. | : | Civil No. 6CV 00972 (GK) |
| | : | Rule 26 Disclosures |
| | : | January 2, 2007 |
| THE DISTRICT OF COLUMBIA, et al., | : | |
| | : | |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO EFFECT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P 4(m)

I. Factual and Procedural Background

Plaintiff Davis & Associates, Inc. filed a two count lawsuit on May 24, 2006, claiming over $268,000,000.00 in compensatory damages along with attorneys' fees and such other relief as the court deems just and proper. Plaintiff's core contention is that the Defendants acting under custom or policy of the District failed to pay Plaintiff as a minority contractor for services rendered under two contracts as a Medicaid revenue consultant while paying other white or non-minority contractors. While the contracts were alleged to have been executed and performed in 1998 and 2000, the date of payment to the "white owned firm" is not alleged. In the complaint, Plaintiff failed to mention that it has attempted unsuccessfully to litigate its contract claim in the Superior Court of the District of Columbia resulting in a recent decision that required the plaintiff to proceed to the District of Columbia Board of Contract Appeals. *Davis & Associates v. Williams,* 892 A.2d 1144 (D.C. 2006).

After an initial enlargement, the District filed a motion to dismiss on August 10, 2006, withdrawing representation of Valerie Holt due to the lack of service of process and reserving any appearance for Dr. Ghandi in his personal capacity since he, too, had not been served

personally. The parties thereafter filed Rule 16 statement on or about September 15, 2006. After four enlargements, the plaintiff filed its opposition on or about October 3, 2006. The District filed a motion for an enlargement on September 28, 2006, and filed its reply to the Opposition to the Motion to Dismiss on October 20, 2006. The parties then proceeded to an attempted mediation thereafter and to a status conference on November 28, 2006, before the Court. Despite all of these proceedings, Plaintiff has not filed affidavits with regard to service of process regarding Dr. Ghandi and Ms. Holt in accord with Fed. R. Civ. P. 4(l) which, accordingly, indicates at least as a matter of record at this time, that service of process has not been effected with regard to either individual.

Accordingly, defendants Holt and Ghandi move to dismiss the complaint due to the Plaintiff's failure to effect service of process within 120 days of filing of the action pursuant to Fed. R. Civ. P. 4(m). As indicated above, the complaint was filed on May 24, 2006. The 120 day time period expired on September 21, 2006.The argument that follows supports dismissal of the complaint.

II. Argument

Fed. R. Civ. P. 4(m) provides:

> (m) **Time Limit for Service**. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j) (1).

Under this provision, the Circuit Court of Appeals for the District of Columbia has upheld the dismissal of a complaint for failure to comply with the provisions of Rule 4(m) finding that the failure to file proof of service of process within 120 days or to furnish an explanation for failing

to do so is sufficient to justify a dismissal. *Sabbagh b. United Arab Emirates,* 87 Fed. Appx. 188, 2004 U.S. App. Lexis 1785 (D.C. Circuit 2004). Accordingly, the District contends that dismissal against Ms. Holt entirely and against Dr. Ghandi in his personal capacity is appropriate. The time for effecting service has passed; the action must be dismissed in accord with the rule.

### III. Conclusion

For the foregoing reasons, the defendants Holt and Ghandi respectfully request that the action be dismissed as against Ms. Holt entirely and as against Dr. Ghandi in his official capacity in accord with the order proposed which dismisses the action against such persons subject to re-instatement subject to the court's discretion upon a showing of sufficient good cause to allow additional time for service of process action as against both such defendants.

Dated: December 22, 2006           Respectfully submitted,

EIGENE E. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


      */S/ Kimberly M. Johnson*
KIMBERLY M. JOHNSON   D.C. Bar No. 435163
Chief, General Litigation Section 1


      */s/ Thomas J. Foltz*
THOMAS J. FOLTZ
Assistant Attorney General
D.C. Bar No. 462858
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6652
(202) 727-0431 (fax)
E mail: Thomas.foltz@dc.gov

3

CERTIFICATE OF SERVICE

    This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system. This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on December 22, 2006.

                              _____/s/ Thomas J. Foltz_____
                                                  Thomas J. Foltz, Esq.

Davis & Associate 06 972 DC MTN Dismiss Fail Prove SOP Memo E Sign 122206