UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVIS & ASSOCIATES, INC.<br>1412 5th Street, NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, a<br>Municipal Corporation<br>1350 Pennsylvania Avenue NW<br>Washington, DC 20004<br><br>    and<br><br>ANTHONY A. WILLIAMS, Mayor,<br>The District of Columbia, in his<br>official capacity<br>1350 Pennsylvania Avenue NW<br>Suite 600<br>Washington, DC 20004<br><br>    and<br><br>NATWAR M. GANDHI, Chief Financial<br>Officer, The District of Columbia, in his<br>official and individual capacities<br>1350 Pennsylvania Avenue NW<br>Suite 203<br>Washington, DC 20004<br><br>    and<br><br>VALERIE HOLT, Former Chief Financial<br>Officer, The District of Columbia, in her<br>official capacity<br>1350 Pennsylvania Avenue NW<br>Suite 203<br>Washington, DC 20004<br><br>    and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No.: 1:06CV00972<br>Judge: Gladys Kessler |

```
HEALTH MANAGEMENT SYSTEMS,   )
INC.                         )
401 Park Avenue South        )
New York, NY 10016           )
                             )
        Defendants.          )
_____)
```

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS HEALTH MANAGEMENT SYSTEMS, INC. AS A DEFENDANT IN THE CASE

Defendant, Health Management Systems, Inc. ("HMS") moves for dismissal of the case against it on the grounds that Plaintiff's Complaint fails to state a claim on which relief can be granted. The absence of any justiciable claim is readily apparent on the face of the Complaint.

The Complaint identifies no cause of action against HMS. It alleges no facts that might support a claim that HMS acted so as to cause Plaintiff legal or actual injury; it alleges no facts that, if true, support a claim of entitlement to relief from HMS. Indeed, the Complaint does not seek any relief from HMS at all. A more clear example of failure to state a claim on which relief can be granted against a defendant can hardly be imagined. See Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 72, 98 S.Ct. 2620, 2630 (1978).

The only explanation offered by Plaintiff for including HMS as a defendant appears in Paragraph 9. of the Complaint, which states that:

> HMS is joined as a party defendant to this action because it may have an interest relating to the subject of the action and is so situated that the disposition of the action in the absence of HMS may leave one or more of the parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

This general language, however, fails to provide any real illumination on the question of why HMS' presence as a party to this case should be considered necessary. Furthermore, it is important to note that the explanation provided by Plaintiff does not actually correspond to the

{D0130844.DOC / 3}

standards of Federal Rule of Civil Procedure 19, even though Plaintiff's contention is worded in large part to track the Rule's language. Rule 19 provides for joinder of persons needed for just adjudication under two general scenarios. The first is when in the person's absence complete relief cannot be accorded among the other parties. See F.R.C.P. 19(a)(1). There is no indication of such a circumstance here, and Plaintiff has not so alleged. The second is when

> the person claims an interest relating to the subject of the action *and* is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

See F.R.C.P. 19(a)(2)(emphasis added). Importantly, in this case HMS does not claim an interest relating to the subject of the action, because it is presently unaware of any outstanding debt owed to it by The District of Columbia on any contract identified in the Complaint. In addition, this is not a case in which plaintiff sues on a contract, but rather an action seeking relief from a government entity for civil rights and constitutional violations in respect to which HMS has no interest to assert. Accordingly, in the absence of such a claim of interest by HMS, Rule 19(a)(2) does not apply.

HMS also points out that Plaintiff's Complaint, failing to meet Rule 19 criteria, also fails to establish the fundamental elements of jurisdiction over any case against HMS. Plaintiff alleges no injury as a consequence of any act or omission by HMS, and certainly alleges no injury that can be remedied by relief against HMS to which plaintiff claims entitlement. There simply is no case or controversy between Plaintiff Davis & Associates and HMS, and accordingly there can be no subject matter jurisdiction over a legal Complaint ostensibly against HMS. See Dir., Office of Workers' Comp. Programs v. Perini North River Assoc., 459 U.S. 297,

305, 103 S.Ct. 634, 640-41 (1983); Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 39, 96 S.Ct. 1917, 1924 (1976).

HMS should be dismissed as a defendant to this suit.

                                                Respectfully submitted,

*Edith S. Marshall*
EDITH S. MARSHALL
D.C. Bar No. 328310
POWERS PYLES SUTTER & VERVILLE, P.C.
1875 Eye Street, NW
Twelfth Floor
Washington, DC 20006-5409
(202) 466-6550
(202) 785-1756 (fax)
Counsel For Defendant,
Health Management Systems, Inc.

Dated: January 4, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January 2007, copies of the foregoing *Motion To Dismiss Health Management Systems, Inc. as a Defendant In The Case* and *Memorandum of Points And Authorities In Support Of Motion To Dismiss Health Management Systems, Inc. as a Defendant In The Case* were served by facsimile and by regular mail on the following counsel of record:

Johnny M. Howard, Esq.
Houston & Howard
1001 Connecticut Avenue, NW
Suite 402
Washington, DC  20036

Thomas James Foltz, Esq.
Office of Corporation Counsel, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC  20001-4600

*Edith S. Marshall*
EDITH S. MARSHALL

{D0130840.DOC / 1}