IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVIS & ASSOCIATES, INC., : | |
| : | |
| : | |
| v. : | Civil No. 6CV 00972 (GK) |
| : | Exchange Witness Lists |
| : | February 1, 2007 |
| THE DISTRICT OF COLUMBIA, et al., : | |
| : | |
| _____: | |

DEFENDANTS' REPLY TO THE OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EFFECT SERVICE OF PROCESS.

Factual and Procedural Background

On December 22, 2006, Defendants Natwar M. Ghandi and Valerie Holts moved to dismiss the complaint against them in all capacities due to the Plaintiff's failure to effect service of process within 120 days of filing of the action pursuant to Fed. R. Civ. P. 4(m). The motion was filed for the limited purpose of challenging service on Defendant Ghandi in his individual capacity and Defendant Holt in both her individual and official capacity.  The complaint was filed on May 24, 2006. The 120 day time period expired on September 21, 2006.

On January 12, 2007, the Plaintiff filed its three page opposition conceding that the action could be missed as against Ms. Holt but requesting an additional thirty days to serve Defendant Ghandi.  The basis for the extension was that plaintiff's process server was no longer employed by plaintiff and that Dr. Ghandi's involvement in the lawsuit was critical to plaintiff's theory of its case.  The plaintiff failed to note that it had not sought an enlargement in a timely fashion nor did it detail its efforts to serve Dr. Ghandi by obtaining information from the former process server about any attempts to serve process.  As set forth in the argument below, the District

submits that this explanation does not constitute good cause and in fact serves as a basis for finding inexcusable neglect and consequent dismissal with prejudice.

Argument

In *Coppedge ex rel Coppedge v. District of Columbia*, 2005 U.S. Dist. Lexis 7091, D.D.C. Civil No. 04-469(GK), this Court dismissed a plaintiff's civil rights action on behalf of a special education child who allegedly did not receive adequate educational services. Plaintiff noted, through counsel, that she believed that the complaint had been served when filed electronically with the Court. Noting that plaintiff's counsel surely must have been aware that electronic service on the court was not service on a party and that personal service was required, and further noting that there were internal inconsistencies in plaintiff's counsel's explanation for lack of service, the Court found that there was no good cause and instead found that the facts constituted "nothing short of inexcusable neglect" from experienced counsel. Id. at 8.

Applied to the facts here, *Coppedge*, supra, mandates a similar result.  There is no explanation by plaintiff's counsel why an enlargement was not sought, nor is there any explanation of the efforts of the first process server, even through that failure alone would not constitute a basis for finding excusable neglect or good cause for enlargement.  All that appears from the record is the oversight of plaintiff's counsel which amounts at best to mere inadvertence which, in turn, cannot be "good cause" for an enlargement; in fact, the Defendants' pending motion to dismiss indicates the thin basis for the claims in any event, thus constituting an additional basis for denial of additional time for service of process.  See *Lopez v. United States of America,* 129 F. Supp. 2d 1284, 1295 (D. N.M. 2000) ( holding that inadvertence, negligence, ignorance of service requirements and reliance on a process server are not "good cause" and that

dismissal without additional time to effect service of process was warranted where underlying actions were not meritorious as to particular defendants).

Accordingly, Defendants note that their argument for dismissal with prejudice is well founded. Plaintiff's counsel's explanations are thin when measured against the appropriate legal standard; plaintiff's counsel did absolutely nothing from September 21, 2006, until January 12, 2007, to inform the court of the reasons for the delay in service of process while repeatedly seeking enlargements for its response to Defendants' motion to dismiss. This conduct does not constitute "good cause" and cannot be the basis for an enlargement to serve process.

## Conclusion

For the foregoing reasons, the Defendants respectfully request that the Court deny plaintiff's request for an enlargement, find no "good cause" and dismiss the action as against Defendant Ghandi in his personal capacity with prejudice.

Dated: January 22, 2007                Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


      /S/ Kimberly M. Johnson
KIMBERLY M. JOHNSON   D.C. Bar No. 435163
Chief, General Litigation Section 1


      /s/ Thomas J. Foltz
THOMAS J. FOLTZ
Assistant Attorney General
D.C. Bar No. 462858
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6652

3

(202) 727-0431 (fax)
E mail: Thomas.foltz@dc.gov

## CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system.  This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on January 22, 2007.



_____/s/ Thomas J. Foltz_____
Thomas J. Foltz, Esq.


Davis & Associate 06 972 DC Reply Opp DC MTN DISMISS FAILURE TO SERVE PROCESS E Sign 012207