UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVIS & ASSOCIATES, INC.           )
                                   )
          Plaintiff                )
                                   )
     v.                            )     Civil 1:06-cv-00972-GK
                                   )
THE DISTRICT OF COLUMBIA, et al.   )
                                   )
          Defendants               )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
HEALTH MANAGEMENT SYSTEMS, INC. AS A PARTY DEFENDANT**

Plaintiff Davis & Associates, Inc., (hereinafter referred to as "Davis") by and through counsel, opposes the Motion to Dismiss Health Management Systems, Inc. (hereinafter referred to as "HMS") as a defendant. Despite the representations made in HMS's motion, HMS is indeed an entity that needs to be a party to this lawsuit in order for there to be a just adjudication of all of the issues in this case, particularly when it comes to damages. Although this is not a case in which plaintiff is suing on a contract, the relief sought is measured in part by the amount of compensation properly recoverable under the contracts to which Davis and HMS have been a party, both before and after October 1999. See Exhibit "A", a contract between HMS as prime contractor and Davis as sub-contractor dated October 1, 1999. HMS was the prime contractor on Contract No. C80059[1], between the District of Columbia and the D. C. Public Schools. See contract attached to the Complaint as Exhibit "B."

Prior to October 1, 1999, HMS and Davis enjoyed a similar relationship that is referred to in the agreement between the two. See Exhibit "A". On the first page of the contract, in the fifth

---

[1] The contract with the D. C. Public Schools, involved in this case, is one in which HMS as the prime contractor and Davis as the sub-contractor agreed to the sharing of compensation depending on the specific project involved. See Schedule C attached to Exhibit "A", the agreement between Health Management Systems, Inc. and Davis & Associates, Inc. As can be gleaned from Exhibit "A", the agreement between HMS and Davis also covers work performed on behalf of D. C. General Hospital for years before February 2000.

paragraph that starts with "WHEREAS", reference is made to the contractual relationship between HMS and Davis that preceded the October 1, 1999 date.  The October 1, 1999 contract merely superceded "all currently [then] existing arrangements" between HMS and Davis.  (See additional evidence of the pre-October 1, 1999 relationship between HMS and Davis in Exhibit "C" and "D" attached.)

Because the relationship between HMS and Davis has been one in which the fees have been shared, there is the real possibility that the payment of any recoupment will be a shared responsibility as well.  As pointed out by HMS's former counsel in a letter from Bruce Coleman, Esq. to Phillip L. Husband, Esq. of the Public Benefit Corporation (Exhibit "B"), whenever the District pays compensation under a contingency contract involved in this case, there exists the possibility that the District may seek a recoupment of the compensation paid.  See the second paragraph on page 2 of the letter, Exhibit "B".  This is a further reason why HMS's presence in this lawsuit is essential and required.

Similarly, with respect to some of the work performed on behalf of D. C. General Hospital, some of the damages claimed against the District of Columbia emanated from the relationship between HMS and Davis before Contract JB-14-00-03-GM was signed.  Therefore, any damage award against the District of Columbia could involve or affect the financial interest of HMS with respect to contracts with D. C. General Hospital/Public Benefit Corporation.

Prior to the revelation of HMS's admission in the motion to dismiss and accompanying memorandum of points and authorities at page 3 that "HMS does not claim an interest relating to the subject of the action, because it is presently unaware of any outstanding debt owed to it by The District of Columbia on any contract identified in the Complaint", Davis had no idea that HMS had been paid for work performed under the joint agreements between HMS and Davis.

While October 1, 1999 is the commencement date on the face of the contract between HMS and Davis, by no stretch of the imagination was October 1, 1999 the commencement date of the relationship between HMS and Davis. If money is owed to Davis under the contracts with D. C. Public Schools and D. C. General Hospital, then HMS may have a financial interest that may need to be adjusted upward or downward by the District of Columbia in the calculation of damages.

>FRCP 19 provides in pertinent part
>
>>(a) Persons to be Joined if Feasible. **A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties**, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action. (emphasis added)

As Rule 19(a) points out, without HMS's presence in this case, complete relief cannot be accorded between the District and Davis. HMS cannot lose sight that "[t]he interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." *Advisory Committee's Note to Subdivision (a)*. See generally, *United States ex rel. CBC of Charleston, Inc. v. RCS Corp.*, 366 F. Supp. 2d 332 (D.SC) 2005. The District of Columbia, if found liable, should not be placed in the position of having to pay twice or incur legal fees for a second action to recover a possible recoupment.

The contractual relationship between Davis and HMS is one that takes the facts of this case outside of the grasp of the holdings in the cases cited in HMS's motion to dismiss. Therefore, based on the forgoing, plaintiff requests that the Motion to Dismiss by HMS be denied.

>Respectfully submitted,
>HOUSTON & HOWARD
>
>   */s/ Johnny M. Howard*
>Johnny M. Howard, #264218
>1001 Connecticut Avenue, NW
>Suite 402
>Washington, DC  20036
>(202) 628-7058
>Email:  houhow@erols.com

## CERTIFICATE OF SERVICE

This case was filed under the United States District Court for the District of Columbia's ECF electronic file and serve system.  This opposition has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on February 12, 2007.

>   */s/ Johnny M. Howard*
>Johnny M. Howard