# FAX COVER SHEET

## BERLACK, ISRAELS & LIBERMAN LLP

120 WEST 45TH STREET
NEW YORK, N.Y. 10036

TELEPHONE: (212) 704-0100    FAX NUMBER: (212) 704-0196

| | |
|---|---|
| DATE TRANSMITTED | May 9, 2001 |
| TIME TRANSMITTED | |
| NUMBER OF PAGES | 15  (Including Cover Sheet) |
| SENDER | Bruce S. Coleman – 262 |
| CHARGE (ACCOUNT NUMBER) | 08105.006 |

### LIST OF RECIPIENTS

To: Phillip Husband, Esq.
Firm: Public Benefit Corporation
Fax: (202) 675-7320
Main No.: (202) 698-7250

**MESSAGE:**

Please see the attached.

**ORIGINAL WILL:**

BE SENT VIA U.S. *MAIL*          BE SENT VIA *FEDEX/OVERNIGHT COURIER*          X   NOT BE SENT

BE SENT VIA *MESSENGER*          OTHER

MAY 09 2001

THIS FACSIMILE TRANSMISSION CONTAINS CONFIDENTIAL AND/OR LEGALLY PRIVILEGED INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUALS NAMED ON THE TRANSMISSION SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS FACSIMILE TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETURN OF THE DOCUMENTS TO US AT NO COST TO YOU.

IF THERE IS A PROBLEM, PLEASE CALL (212) 704-0100,
EXTENSION 256 AND ASK FOR FAX ASSISTANCE.

805

Received:        5/ 9/01 15:12;        -> OFFICE OF GENERAL COUNSEL;        #2/4
May-09-2001  02:41pm  From-BERLACK ISRAELS & LIBERMAN         12127040196         T-102  P.002  F-521

# BERLACK, ISRAELS & LIBERMAN LLP

120 WEST 45TH STREET

NEW YORK, N.Y. 10036

(212) 704-0100
CABLE. BERILIB
FACSIMILE. (212) 704-0196

KENNETH R. ASHER
CLAUDE A BAUM
SCOTT M BERMAN
BRUCE S. COLEMAN
ALAN N. FORMAN
EMILIO A GALVAN
KENNETH S. GOODWIN
STEVEN E. GREENBAUM
HARVEY M. KATZ
STUART NEUHAUSER
ERICA M. RYLAND
MARTIN S SIEGEL
STEVEN F. WASSERMAN
EDWARD S. WEISFELNER

ANDREW S. DASH
SENIOR ATTORNEY

colemanb@berlack.com

May 4, 2001

**VIA FEDERAL EXPRESS**

Phillip L. Husband, Esq.
Public Benefit Corporation
1900 Massachusetts Avenue, S.E.
Room 1505
Washington, D.C. 20003

Re:  Health Management Systems, Inc.

Dear Mr. Husband:

This letter is written in response to Michael Barch's letter dated April 6, 2001, of which you were shown on the letter to have received a copy. In light of the fact that Mr. Barch's letter was in response to my letter addressed to you dated March 16, 2001 and since I understand that Mr. Barch is no longer employed at the Public Benefit Corporation ("PBC"), I have addressed this letter to you and request that you forward copies to other appropriate representatives of the PBC and/or the District of Columbia Department of Health.

It may well prove helpful to speak about the matters covered in Mr. Barch's letter, and I appreciate his offer in this regard. However, I believe it is first necessary for our client, Health Management Systems, Inc. ("HMS"), to bring to the PBC's attention certain factual misstatements in Mr. Barch's letter and to obtain from the PBC information related to the various reasons stated in his letter for why the PBC does not believe any amounts are currently owing to HMS under its Invoice #'s 3135 and 4830. Copies of those Invoices, together with supporting information, were attached to my prior letter to you dated March 16, 2001.

Invoice #3135

With regard to Invoice #3135, please note that HMS's fee covered by this Invoice pertains exclusively to FY's 94, 95 and 96 and has no connection whatsoever to FY's 97

MAY 09 2001

806

Phillip L. Husband, Esq.
May 4 2001
Page 2

and 98. Mr. Barch's letter incorrectly states that Invoice #3135 related to a tentative settlement received by the PBC for FY 94 through FY 98. Another copy of Invoice #3135, with supporting information, is attached to this letter as Appendix A.

The PBC acknowledges receipt of the $16,650,095 Medicaid payment upon which Invoice #3135 is based, yet refuses to pay HMS its agreed fee. The reason cited by the PBC for this non-payment to HMS is a possible claim which, according to Mr. Barch's letter, is "pending Medicaid's instructions." However, despite our prior requests, the PBC has not provided HMS any documentary support whatsoever that a refund has been or may be requested by Medicaid regarding the $16,650,095 payment. In addition, it is unclear whether the claimed possible refund is related to Medicaid settlements for FY's 94, 95 and 96, upon which HMS's fee covered by Invoice #3135 is based, or FY's 97 and 98, which were not covered by HMS's invoice.

Moreover, we further wish to bring to the PBC's attention the fact that pursuant to contract JA 91934, as amended, the PBC is obligated to pay HMS its agreed fees on "revenues collected" by the PBC. If there is an issue of a possible future recoupment, as there always is, the contract clearly obligates HMS to refund the portion of its fee attributable to the recouped funds. It is HMS's long-standing policy to refund any fees received after it is given appropriate documentation indicating that the provider has had recoveries taken back by the payor.

In addition, if the PBC believes it is entitled under the contract to reduce the agreed fee payable to HMS because a portion of the work upon which HMS's fee was based was allegedly performed by the PBC staff and McBee & Associates, an independent consultant, the PBC should provide HMS with documentary evidence in support of the proposed adjustment. Although HMS disputes the PBC's right, pursuant to the terms of the contract, to reduce the amount of the fee to take into account the work of others, upon receipt of such supporting documentation, HMS will consider the PBC's request.

Invoice #4830

With regard to Invoice #4830, HMS provided to the PBC as supporting information to its agreed upon fee, the dates of the Medicaid payments upon which HMS's fee was based (February 15, 1997 and April 30, 1998), the Medicaid check numbers (000970195 and 000980508), the remittance numbers (805395 and 848443) and the CNNs (705209001 and 811209035). This specific payment information was derived from a detailed listing of all non-fee for service Medicaid recoveries resulting from the types of projects engaged in by HMS and its subcontractor, Davis & Associates, during the time period in question and was obtained from the D.C. Corporate Counsel. A copy of this detailed listing is attached to this letter as Appendix B. The PBC claims to have no record of receipt of the February 15, 1997 payment in the amount of $7,600,000, offering as an explanation that "Medicaid's records often indicated a payment has been made when the payment has not been made." HMS cannot accept this unsubstantiated and in

Phillip L. Husband, Esq.
May 4 2001
Page 3

our view incredulous statement. HMS requests that the PBC provide HMS copies of PBC financial records showing all receipts of funds by the PBC for the months of February and March 1997, together with copies of the "requests" made by the PBC to Medicaid and/or others for proof of this alleged missing payment.

Invoice #2509

    Prior to receipt of Mr. Barch's letter, HMS had no knowledge of any Medicaid recoupment of funds related to HMS Invoice #2509. Copies of this Invoice, together with supporting information and the check dated April 7, 1999 in payment of HMS's fee, are attached to this letter as Appendix C. HMS hereby requests that the PBC provide HMS documentary evidence of the alleged recoupment requested by Medicaid, the PBC's payment of that recoupment to Medicaid and how that recoupment was related to the $4,557,178.93 payment from Medicaid which was the basis for HMS's fee covered by this Invoice.

    We look forward to receipt from the PBC of payment in full of Invoice #'s 3135 and 4830 or the specific requested information within 15 days from the date of this letter as we can no longer delay further action on our client's behalf.

Very truly yours,

Bruce S. Coleman

BSC/mmd
Enclosures

cc:    Mr. Stan Jackson
       Mr. Irwin Bloom
       Mr. Desmond Yorke
       Frederick A. Douglas, Esq.

808