UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVIS & ASSOCIATES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:06CV00972-GK |
| | ) | |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION OF HEALTH MANAGEMENT SYSTEMS, INC., FOR DISMISSAL FROM THE CASE**

Health Management Systems, Inc. ("HMS"), a corporation named as a defendant to this civil action, replies as follows to Plaintiff's Opposition to Defendant's Motion to Dismiss Health Management Systems, Inc. as a Party Defendant.

Plaintiff Davis & Associates, Inc. ("Davis"), offers no persuasive rationale for its contention that HMS is "an entity that needs to be a party to this lawsuit in order for there to be a just adjudication of all the issues in this case."[1]  To the contrary, while it is conceivable that HMS or some of its present or former employees might have some role to play in a third-party witness capacity in this action, nothing supports the proposition that HMS is an indispensable or a proper party to the case.

Fundamentally, Plaintiff seems to have lost sight of the nature of its own action, which has not been pled as a claim for compensation under a contingent fee contract (and thus would not appear to be one to which the "recoupment" concerns repeatedly mentioned by Plaintiff have any application).  HMS has no interest in the subject of this action that would affect proper

---
[1] See Plaintiff's Opposition at p. 1.

adjudication of, or provision of relief on, Plaintiff's claims against the District of Columbia ("the District") based on civil rights and due process theories.

The situation respecting HMS is, in fact, fairly simple. Plaintiff identifies two contracts as underlying the subject of its Complaint: These are (1) D.C. Contract No. JB-14-00-03-GM, between an agency of the District (the Public Benefits Corporation or "PBC") and Davis; and (2) D.C. Contract No. C80059, which purports to be a contract between the D.C. Public Schools and HMS, although a copy of the contract executed by a D.C. official has not been produced.

As for the latter of these two contracts, HMS does not claim that there is any currently unpaid compensation or damages due to it from the District for services rendered under this contract. If there were any such compensation due, that would presumably be a matter between HMS and the District, as the two parties with privity of contract. It also bears mention that, while Plaintiff has filed Exhibits suggesting that HMS may still be owed outstanding payments on its contract with the District (see Exhibits B-D of Plaintiff's Opposition), in fact, it appears these documents relate to an entirely different contract - - Contract No. JA 91934 - - and not to one of the contracts forming the subject matter of this lawsuit at all.[2] See Plaintiff's Exhibit B, Letter of May 4, 2001 to Phillip L. Husband, at p. 2.

Nor does Davis have any legitimate interest in moneys already paid, or potentially to be paid,[3] by the District to HMS under this or any similar contract. As the documents attached to this Reply as Exhibits A and B reflect, based on substantial cash advances paid to Davis in connection with its work as a subcontractor on service contracts to which HMS was prime, Davis expressly released HMS from any claims by Davis to money HMS received on such contracts

---

[2] All issues and past controversies between HMS and the District respecting payment under Contract No. JA 91934 have been resolved.
[3] We do not imply there is any compensation yet to be paid under this contract, but refer to the concept purely hypothetically.

{D0137920.DOC / 1}2

respecting matters that arose or accrued before July 1, 2000.  Contract C80059 is plainly encompassed by this release.  See Letter to Michael Davis, dated June 30, 2000 (Exhibit A hereto).

The legally binding force of this release, moreover, has been confirmed by the final judgment of a United States District Court, See Exhibit B hereto, Opinion and Order in Davis & Associates, Inc. v. Health Management Services, Inc., S.D.N.Y. No. 00 Civ. 6725 (May 1, 2001).  See also Judgment attached as Exhibit C and Dismissal by Second Circuit Court of Appeals attached as Exhibit D.

As for Contract No. JB-14-00-03-GM, HMS clearly has no direct claim against the District under that contract, to which HMS is not a party.  To the extent Davis may receive or may have already received compensation from the District under this contract (and if, as is not at all relevant to this action, HMS was actually a subcontractor for Davis under this contract), it is conceivable that, under the October 1, 1999, Agreement Plaintiff has filed along with its Opposition, Davis could have an obligation to transmit some of those proceeds to HMS, and HMS could have a future, separate action against Davis to enforce that obligation.[4]  None of that matter would have any relationship to or influence upon present liability of the District to Davis, which is the sole asserted subject matter of *this* lawsuit, however.

In short, notwithstanding Plaintiff's contentions, HMS neither has nor claims any interest or potential entitlement or liability that affects how this lawsuit should properly be resolved, or that has any potential of subjecting any other party to duplicative liability, recovery, or other consequence relevant to disposition of this action.

HMS is not an indispensable party, and should be dismissed as a defendant in the case.

---

[4] Whether HMS would have any need, or would choose, to pursue such an action, moreover, is unclear; and the entire matter is sufficiently uncertain that there is no reason to burden this Court with any aspect of such theoretical proceedings that might well never occur or have any cause to occur.

        Respectfully submitted,


        __s/Edith S. Marshall_____
        EDITH S. MARSHALL
        D.C. Bar No. 328310
        POWERS PYLES SUTTER & VERVILLE, P.C.
        1875 Eye Street, NW
        Twelfth Floor
        Washington, DC 20006-5409
        (202) 466-6550
        (202) 785-1756 (fax)
        Counsel For Defendant,
        Health Management Systems, Inc.


Dated:  March 6, 2007