Davis & Associates v. District of Columbia, D.D.C. Civil No. 60-972 (GK)

March 28, 2007

Defendants' Discovery Praecipe Exhibit 1

D.C. Response to Plaintiff's First Interrogatories March 23, 2007

Davis & Associates v. District of Columbia, D.D.C. Civil No. 60-972 (GK)

March 28, 2007

Defendants' Discovery Praecipe Exhibit 2

D.C. Response to Plaintiff's First Request for Production of Documents March 23, 2007

Davis & Associates v. District of Columbia, D.D.C. Civil No. 60-972 (GK)

March 28, 2007

Defendants' Discovery Praecipe Exhibit 3

D.C. Vaughn Index March 20, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVIS & ASSOCIATES, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil 1:06-cv-00972-GK |
| ) | |
| THE DISTRICT OF COLUMBIA, et al. ) | |
| ) | |
| Defendants ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

In accordance with Fed. R. Civ. P. 26 and 33, Defendants District of Columbia, Anthony A. Williams and Natwar M. Ghandi in their official capacities ("the District" or "Defendants") hereby respond to "Plaintiffs' First Set of Interrogatories."

### GENERAL OBJECTIONS

1. The District objects to the Interrogatories to the extent they impose or seek to impose requirements on The District beyond what is required by the Federal Rules of Civil Procedure or any other applicable federal, state or local rules and to the extent that they are not calculated to lead to the discovery of admissible evidence.

2. The District objects to providing information that is privileged or otherwise not discoverable by reason of: (a) the attorney-client privilege; (b) the executive and deliberative process privilege; (c) the work product privilege; and (d) any other applicable privilege or protection. To facilitate identification of material for which a privilege is claimed, the District has served herewith a Bates indexed log or *Vaughn* index of privileged documents.

3. The District also generally objects to any Interrogatory insofar as it seeks the disclosure of the mental processes and impressions of The District' counsel in preparing these responses.

4. The District also objects to any Interrogatory to the extent it is overbroad, unduly burdensome, seeks information that is not described with reasonable particularity, is not relevant to the subject of this lawsuit, or is not calculated to lead to the discovery of relevant evidence.

5. The responses and any documents produced are given without conceding the relevancy, materiality, or admissibility of the subject matter of any document and are given without prejudice to the District's right to object to further discovery or to the admissibility of any evidence or proof concerning the subject matter of any response.

6. Inadvertent production of any document or information which is so privileged, and which is otherwise immune from discovery, shall not constitute waiver of any such privilege or any other grounds for objecting to discovery with respect to such document or any other document, or the subject matter thereof, or the information contained therein, or of the right of the District to object to the use of any such document or the information contained therein during any subsequent proceeding.

7. The District has not undertaken to interview non-party former employees of either the District of Columbia or any of the agencies involved herein to respond to these interrogatories since the burden is substantially the same for the plaintiff and the District to discover such information or documentation possessed by such persons. In addition, where a former District of Columbia employee might possess relevant information to respond to these interrogatories, but such former employee is engaged in administrative or other litigation against the District, an interview of such person generally is not practical or possible.

8. The information provided herein is based upon the District's discovery investigation to date and the District's obligations under the applicable Federal Rules of Civil Procedure. The District notes for the record that the language, word usage and sentence construction used herein are those of the District's counsel or of agency counsel consulted and does not purport to be the language, word usage and sentence construction of the executing party. The information supplied in these answers is not based solely on the knowledge of the executing party but includes knowledge of the party, its agents, representatives and attorneys unless privileged. The District may supplement these responses with responsive, non-privileged information later obtained where required to do so by Fed. R. Civ. P. 26(e) or in the alternative may pursuant to Fed. R. Civ. P. 33(d) offers the opportunity to inspect and copy relevant business records.

9. Unless specifically waived, all general objections set forth above are deemed incorporated in each answer to the interrogatories set forth below.

## THE DISTRICTS' RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

1. Identify the contractor(s), person(s), or entities against which the District of Columbia has claimed that an underlying contract between the District of Columbia and such contractor(s), person(s), or entity was void by virtue of the Anti-Deficiency Act.

**Response:** The District of Columbia has claimed that an underlying contract or agreement was void by virtue of the Anti-Deficiency Act in the following cases: (1) Consumers

2

United Insurance Company as set fort in *Williams v. District of Columbia,* 902 A. 2d 91 ( D.C. 2006); (2) Insurance Company of North America in *Insurance Company of North America v. District of Columbia,* D.C. Superior Court 2003 CA 006951 B, on appeal  No. 05 CV 672; (3) Health Management Systems in *Health Management Systems,* CAB No. D-1162 and D-1189; (4) Advantage Energy Management in *Advantage Energy,* CAB No. D-1199.

    Non Privileged documents potentially responsive to this request are listed below.
    Bates # 1349- 1390– District of Columbia Health and Hospitals Public benefit Corporation Negotiated Services Contract.  Contract No. JB/051-08-00-VC.  06/01/00.
        1470 – Determination and Findings for Contract Bilateral Modification. Department of Human Services.  Agency Contract No. JA/91934.  03/24/98.
        1469 – Change Order/ Unilateral Modification, Renew Contract for Health Management Systems  01/15/96.
        1345-1348 – Letter from Roscoe Wade, to Victor Kugajewsky. Termination of Health Management Systems Contract for Convenience. Contract No. JB/051-08-00-VC,  06/01/01.
        1441-1461 – Contract for Revenue Recovery Services by and between the District of Columbia and Maximus, Inc.  03/11/99.
        0106-0112 – Contract Modification, Health Management Systems, Inc.  03/22/95.
        0311-0363 - Contract Modification, Health Management Systems, Inc.  03/22/95.
        0529-0535 - Contract Modification, Health Management Systems, Inc.  03/22/95.
        0690-0696 - Contract Modification, Health Management Systems, Inc.  03/22/95.
        0766-0785 - Contract Modification, Health Management Systems, Inc.  03/22/95.
        0264-0265 – Contract No. JB/082-09-4-AA.  DC and Compaq Federal.
        0023-0044 – PBC Resolution and Contract with Davis, Contract No. JB/14-00-03-GM.
        0548-0569 – Davis Proposal for 3rd Party Services in Reimbursement.
        0572-0618 – Contract No. JB/14-00-00-GM. DCGH and Davis.
        0620-0625 – Contract No. JB/051-08-00-VC.  DC Health and HMS.
        0626-0643 – Contract No. JB/051-08-00-VC.  DC Health and HMS.
        0644-0663 – Contract No. JB/033-08-01-VC.  DC Health and HMS.
        0664-0666 - Contract No. JB/033-08-01-VC.  DC Health and HMS.
        0667-0670 - Contract No. JB/033-08-01-VC.  DC Health and HMS.
        0671-0673 - Contract No. JB/033-08-01-VC.  DC Health and HMS.

    Privileged Documents responsive to this request are located in the privileged log at Bates numbers.
        Bates # 1476- 1521
            1420- 1440

2. Identity all persons who were involved in any way with the contractual relationship between the District of Columbia and Maximus, Inc. from the commencement of the relationship through any review and evaluation of Maximus' work product up to and including any payment of compensation for services rendered. Include in your response the date and nature of such involvement. "Persons" as used in this interrogatory shall include, but not be limited to, employees in the Executive and/or Legislative Branches of government such as the Mayor, Chief Financial Officer, agency heads, Contract Officer(s), Contract Officer Technical Representative(s), etc.

**Response:** The District of Columbia Office of the Chief Financial Officer is currently reviewing documents from its procurement branch which may or may not produce information responsive to this request. Privileged Documents potentially responsive to this request are located in the privileged log at Bates numbers. Bates # 1021-1050/ 992- 1020/ 962- 966

3. When and in what amounts were the "prior allocated appropriations" made for the contract(s) between the District of Columbia and Maximus, Inc. or between the District of Columbia and any other contractor which provided revenue maximization services to the District of Columbia and/or its agencies?

**Response:** : The District of Columbia Office of the Chief Financial Officer is currently reviewing documents from its procurement branch which may or may not produce information responsive to this request. It is unknown whether the payments listed in the documents below were or were not made from "prior allocated appropriations." Non Privileged documents potentially responsive to this request are listed below.

Bates #  1053-1081 – Schedule of Payments Made FY 2003 (10/01/02-
            09/30/03) YTD (10/01/02- 03/31/03). 09/08/03.
        1418-1419 – Fax of Check from the District of Columbia to Health
            Management Systems Inc. 05/12/99.
        1597-1599 – Investigative Synopsis

Privileged Documents responsive to this request are located in the privileged log at Bates numbers.

4

Bates # 984- 985
1600-1631

4. Identify the D.C. Government official(s) who authorized, approved and/or recorded the Medicaid draw down/ payment/credit for the DCPS Special Education Medicaid Reimbursement program for FY98 and all accounts to which funds were deposited both under the control of the District of Columbia government or any other person, agency or United States government agency.

**Response:** Privileged Documents responsive to this request are located in the privileged log at Bates numbers. Bates # 1492/ 1126- 1134

5. State the amount of Federal Medicaid matching funds that were drawn down, credited, offset, allowed, disallowed, or pended, using the District of Columbia Public Schools Special Education Medicaid Provider Number(s) for FY98, regardless of when the transaction actually occurred.

**Response**: Non- Privileged Documents potentially responsive to this request are listed below.
Bates # 1756-1827 – District of Columbia Public Schools Special Education
        Medicaid Cost Settlements, 2001.
    1632-1693 – District of Columbia Public Schools Cost Reports 1996-
        1998.
    1694-1755 – District of Columbia Public Schools Special Education
        Medicaid Cost Settlements, 2000.
    1828-1867 – District of Columbia Public Schools, Invoices and
        Vouchers. 1994-1999.
    1868-1907 – District of Columbia and Health Management Systems,
        Vendor Transactions.
Privileged Documents potentially responsive to this request are located in the privileged log at Bates numbers. Bates # 1464-1468/    959- 960

6. Identify the personnel in the District of Columbia's Office of the Chief Financial Officer who recorded the FY 2000 D. C. General Hospital Medicaid draw down/ payment/credit in the FY 2000 District financial records and all accounts .to which funds were deposited both

5

under the control of the District of Columbia government or any other person, agency or United States government agency.

**Response:** :  The District of Columbia Office of the Chief Financial Officer is currently reviewing documents from its procurement branch which may or may not produce information responsive to this request. Privileged Documents potentially responsive to this request are located in the privileged log at Bates numbers. Bates # 1524-1569

7. State the amount of Federal Medicaid matching funds that were drawn down, credited, offset, allowed, disallowed, or pended, using the District of Columbia General Hospital/Health Care Safety Net Administration or the District of Columbia Public Benefit Corporation Medicaid Provider Number(s) for FY 1999 through 2006, regardless of when the transaction actually occurred and all accounts to which funds were deposited both under the control of the District of Columbia government or any other person, agency or United States government agency.

**Response:** :  The District of Columbia Office of the Chief Financial Officer is currently reviewing documents from its procurement branch which may or may not produce additional information responsive to this request.

Non- Privileged Documents potentially responsive to this request are listed below.
Bates # 0132-0161 – Letter from, Bruce Coleman, to Philip Husband.
        Invoices from HMS and copy of a check to HMS.  05/04/01
  0162-0176 - Letter from, Bruce Coleman, to Philip Husband.  Invoices
        from HMS and copy of a check to HMS.  05/04/01.
  0491-0493 – Analysis of Payments to Davis.

8. Identify all persons including attorneys who attended or participated in meetings where the subject was or related to any or all of the following: FY 1999 through FY 2006 Federal Medicaid payments, credits, offsets, or adjustments for D.C. General Hospital/Health Care Safety Net Administration, repayment of Federal Medicaid payments for D.C. General

Hospital, D.C. General Hospital Medicaid, reimbursement, medical records, and Medicaid encounter documents.

**Response:** Privileged Documents potentially responsive to this request are located in the privileged log at Bates numbers. Bates # 1570-1596.

9. Identify all persons including attorneys who attended or participated in meetings where the subject was or related to any or all of the following: FY 2000 Federal Medicaid payments, credits, offsets, or adjustments for D.C. General Hospital/Health Care Safety Net Administration, repayment of Federal Medicaid payments for D.C. General Hospital, D.C. General Hospital Medicaid, reimbursement, medical records, and Medicaid encounter documents.

**Response:** Privileged Documents potentially responsive to this request are located in the privileged log at Bates numbers. Bates # 1251-1252.

10. If the defendant claims that plaintiff made any admission against its interest in any regard concerning any of the facts surrounding the matters described in the Complaint, state the full name, position or title, business address and home address of any person or persons whom such admissions were allegedly made, and in connection with this interrogatory, identify each such admission, state the date, time and place when such admission was allegedly made, and identify any persons who were present when the admission was allegedly made.

**Response:** See general objections on burden. Defendant reserves the right to supplement this interrogatory based on further discovery and investigation.

11. Provide a description of all meetings attended by the DC Public Schools Chief Financial Officer, the Chief Financial Officer for the District of Columbia, and/or any District Officials/employees from the Office of the Mayor relating to FY 1998 DCPS Medicaid

7

payments.

**Response:** See general objections and objections to the revelation of privileged information protected by the deliberative process or attorney client privileges. Information responsive to this interrogatory has not been located; however, inquiries have been made to counsel for the Executive Office of the Mayor regarding this interrogatory. The Defendant reserves the right to supplement this interrogatory upon further investigation and discovery.

12. Provide the names of all persons attending meetings called by and/or with Mr. Eric Gault (EOM), DCPSCFO Rickford, DC Medical Assistance Administration personnel, and/or Bert Smith & Co., (Certified Public Accountants), regarding the FY 1998 DCPS Special Education cost report and Medicaid payments for DCPS for FY 1998.

**Response:** See general objections and objections to the revelation of privileged information protected by the deliberative process or attorney client privileges. Information responsive to this interrogatory has not been located. The Defendant reserves the right to supplement this interrogatory upon further investigation and discovery.

13. Provide a list of names addresses, telephone numbers of all DCPS employees who worked in or for the DCPS OCFO and the Special Education Medicaid Reimbursement unit during the period FY 1998, FY 1999, and FY 2000.

**Response:** Information sought by this interrogatory may be protected from disclosure by personnel and privacy laws. Information responsive to this interrogatory has not been located.

14. Provide a description of all meetings attended by the D. C. General Hospital and/or the Public Benefit Corporation, Office of the Chief Financial Officer for the District of Columbia, and/or any District Officials/employees from the Office of the Mayor relating to FY 1999 through FY 2006 Medicaid/Medicare payments and all accounts in which funds were deposited both under the control of the District of Columbia government or any persons, agency or United States government agency.

**Response:** Privileged Documents potentially responsive to this request are located in the privileged log at Bates numbers. Bates # 981- 982/ 1115- 1121/ 1112- 1113/ 1110- 1111/ 1108- 1109/ 1105- 1107/ 1102- 1104/ 1099- 1101/ 1096- 1098/ 1093- 1095/ 1088- 1092/ 1215.

Based on information, knowledge and belief, I hereby declare under penalty of perjury that the foregoing responses to the foregoing interrogatories are true and correct. Executed on this ___ day of March, 2007.

_____
Agency Declarant

Objections As Noted

DATED: March 23, 2007

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

KIMBERLY M. JOHNSON   D.C. Bar No. 435163
Chief, General Litigation Section 1

/s/ Thomas J. Foltz
_____
THOMAS J. FOLTZ
Assistant Attorney General
D.C. Bar No. 462858
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6652
(202) 727-0431 (fax)
E mail: Thomas.foltz@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2007, I mailed a true copy postage prepaid first class of Defendants' Answers to Plaintiff's First Interrogatories to counsel for Plaintiff,

9

Johnny Howard, Esq. HOUSTON & HOWARD, 1001 Connecticut Avenue, NW, Suite 402, Washington, DC 20036

_____/s/ Thomas J Foltz_____
Thomas J. Foltz, Esq.

Davis 06 972 DC Draft Response to Davis 1st Interrog to DC 032307