IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVIS & ASSOCIATES, INC., | : |
| | : |
| v. | : Civil No. 6CV 00972 (GK) |
| | : Discovery Closed |
| | : June 1, 2007 |
| THE DISTRICT OF COLUMBIA, et al., | : |
| | : |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION AND TO QUASH ANY NOTICE OF DEPOSITION FOR DR. NATWAR GHANDI.

I. Factual and Procedural Background

Defendants adopt as if more fully set forth herein their statement of factual and procedural background set forth in the accompanying motion. Their argument follows: (1) that discovery not be had pending the resolution of the dispositive motion; and (2) that any notice of deposition or subpoena duces tecum be issued against Dr. Natwar Ghandi.

II. Argument

A. The Discovery Stay Should Issue.

The applicable law was clearly set forth by United States Magistrate Judge Robinson in *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, (D.D.C. 2001). Magistrate Judge Robinson engaged in a comprehensive discussion of the law governing stay motions, as follows:

> It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery. See, e.g., *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers*, 494 F.2d 1092, 1100 (D.C. Cir. 1974); FED. R. CIV. P. 26. It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion:

1

>A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.
>
>*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted); see *Ladd v. Equicredit Corp. of Am.* No. CIV.A. 00-2688, 2001 WL 175236, at *1 (E.D. La. Feb. 21, 2001; *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990).

201 F.R.D. at 2. Additionally, Magistrate Judge Robinson quoted a leading decision on the point by Judge Oberdorfer of the United States District Court for the District of Columbia:

>it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.
>
>*Anderson v. United States Attorneys Office*, No. Civ.A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)].

Id. at 2.  Magistrate Judge Robinson continued:

>A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources. [citing *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979 (citations omitted)].

Id. at 2.

In *Patriot, Inc. v. American Association of Retired Persons,* Civ. No. 98-0872 (D.D.C), February 15, 2000, slip op. at 2-3, Magistrate Judge Robinson, again acting on referral from the Court, found that:

>. . the resolution of the motion to dismiss may obviate the need for some, or all, of the discovery they now seek. A stay of discovery in the circumstances presented here is thus an appropriate exercise of the court's discretion to conserve the resources of the parties.

A substantial number of cases here and elsewhere in the country follow these principles. In addition to *Jones v. Williams, supra, s*ee, e.g., *Institute Pasteur v. Chiron Corp*, 315 F. Supp.2d 33, 37 (D.D.C. 2004) (Bates, J.); *American Constitutional Coalition Found. v. Federal Bureau of Prisons*, 1989 U.S. Dist. Lexis 6888 (D.D.C. 1989) (Gasch, J.) ("[I]t would be unduly burdensome to require defendants to proceed with discovery until the Court resolves the threshold questions of standing and subject matter jurisdiction; " discovery stayed); *Clifton Terrace Associates v. United Technology Corp.,* 1989 U.S. Dist. Lexis 8787 at * 1 (D.D.C. 1989) (Gasch, J.) ("[P]ostpon[ing] discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions . . . 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources' [citing *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979]");  *Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (upholding grant of protective order staying discovery until after ruling on summary judgment motion); *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1998); *Moldea v. The New York  Times,* 137 F.R.D. 1 (D.D.C. 1990); *O'Brien v. Avco Corp.,* 309 F. Supp. 703, 705 (S.D.N.Y. 1969). Cf.  *Harlow v. Fitzgerald* 457 U.S. 800, 818 (1982); *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Chagnon v. Bell*, 642 F.2d 1248, 1266 (D.C. Cir. 1980).

Applying these principles to the case before the Court, the Court should stay discovery. Defendants' motion and accompanying memorandum argued principally, *inter alia*, that there was no jurisdiction, the claim was stale and that there were no valid contracts in place. Deciding these issues on a preliminary basis will either dispose of the case or greatly inform the parties of the probable path of proceedings ahead.

### B. Oral Depositions and Additional Discovery Against High Government Officials are Disfavored

It is unquestioned that Dr. Natwar Ghandi, the District's Chief Financial Officer, is a high government official. Apart from the authority cited above that favors a general stay of discovery, there is additional authority that disfavors the imposition of litigation burdens on high government officials, without first seeking other means of discovery or discovery from other persons.

Thus, Judge Harold Green observed in *Springfield Terminal Ry. Co. v. United Transportation Union & National Mediation Board,* (D.D.C.), 1998 U.S. Dist. Lexis 5478 "…Courts have consistently recognized the undue burden that falls on public officials as a consequence of compulsion to attend depositions."). See also *Capitol Vending Co. v. Baker,* 36 F.R.D. 45, 46 (D.D.C. 1964) (Holtzoff, J.); *Peoples v. U.S. Dep't of Agriculture,* 427 F. 2d 561, 567 (D. C. Cir. 1970) (Leventhal, J.); *Simplex Time Recorder Co. v. Secretary of Labor,* 766 F.2d 575, 586-587 and cases cited therein (D.C. Cir. 1985); *United States v. Northside Realty Associates,* 324 F. Supp. 287, 295 (N.D. Ga. 1971).

The rule protecting high ranking government officials from compelled depositions:

> "is established to relieve agency decision makers from the burdensomeness of discovery, to allow them to spend their valuable time on performance of official functions, and to protect them from inquiries into the mental processes of agency decision-making."

*Cornejo v. Landon,* 524 F. Supp. 118, 122 ( N.D. Ill. 1981). Plaintiffs here can no show no plausible claim for relief and accordingly, can show not exceptional or extraordinary circumstances that would justify a departure from the general rule that prohibits the deposition of high ranking officials such as Dr. Ghandi in the first instance. At least two D.C. Superior Court

judges have quashed deposition notices against Dr. Ghandi. *Donohue v. District of Columbia,* Civ. Action. No. 99-6829; *Robert Siegel, Inc. v. District of Columbia,* Civ. Action No. 05-2770. Finally, it should be noted that Defendants have provided significant amounts of documentary discovery which should enable plaintiff to narrow its focus for an individual or individuals other than Dr. Ghandi.

### III. Conclusion

For the foregoing reasons, Defendants respectfully seek to stay discovery generally and to quash any notice of subpoena issued to Dr. Ghandi.

Dated: May 23, 2007                Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


      */S/Robert C. Utiger for Kimberly M. Johnson*
KIMBERLY M. JOHNSON   D.C. Bar No. 435163
Chief, General Litigation Section 1


      */s/ Thomas J. Foltz*
THOMAS J. FOLTZ
Assistant Attorney General
D.C. Bar No. 462858
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6652
(202) 727-0431 (fax)
E mail: Thomas.foltz@dc.gov

5

CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system. This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on May 23, 2007.

```
_____/s/ Thomas J. Foltz_____
              Thomas J. Foltz, Esq.
```

Davis & Associate 06 972 DC MTN Stay Discovery MEMO E sign 052307