Exhibit No. 2

March 13, 2007

Thomas J. Foltz, Esq.
Assistant Attorney General
Office of the Attorney General
General Litigation Section I
441-4th Street, N.W., 6th Floor South
Washington, DC 20001

      **Re:**    **Davis & Associates, Inc. v. District of Columbia, et al.
              Civil No. 06-0972**

Dear Mr. Foltz:

      I am disappointed that the District and Dr. Gandhi have refused to comply with the rules of Civil Procedure and the Judge's express mandate that the District timely respond to the discovery requests propounded by plaintiff. Pursuant to FRCP 37(a)(2)(A), this is plaintiff's second attempt to seek the defendants' compliance with the rules of discovery without the need to involve the Court. The dilatory conduct of the defendants has been a deliberate and blatant disregard for the admonitions of Judge Kessler and the rules of the Court. Unless plaintiff receives substantive responses to its discovery requests by March 23, 2007, plaintiff will move to compel discovery.

      Based on the lack of response to plaintiff's discovery and the information that plaintiff has received, it strongly appears that the asserted claims of unlawful discrimination were premeditated. It is indeed curious that you have not produced a single document from the Office of the Chief Financial Officer, whether in the District's initial disclosures or in discovery. As you and I can attest, the critical information to unlock the mysteries in this case lies in the CFO's office.

      After the government had to surrender money collected as a result of efforts allegedly performed by Maximus, Inc., I fail to understand how you can conclude that "there are neutral, non-pretextual reasons that the Davis contract was not paid and the Maximus contract was as indicated by the attached report of investigation by the OIG which found that the Maximus contract cured any Anti-Deficiency Act problem by securing appropriated funds prior to execution and eventual payment."

Thomas J. Foltz, Esq.
March 13, 2007
Page - 2 –

      Based on my previous letter, you and your superiors must understand that while the instant lawsuit relates solely to issues of unlawful discrimination, the underlying facts may support other claims. I am certain that you are aware that several years ago, agents from the Federal Bureau of Investigation interviewed Michael Davis concerning D. C. General Hospital and D. C. Public Schools Special Education Medicaid/Medicare Reimbursement Programs. Maximus was paid on both the D. C. General Hospital and D. C. Public Schools Special Education Medicaid Reimbursement programs. Both you and your superiors realize that Maximus, Inc. never possessed any documentation to support the District's Federal Medicaid claims for D.C. General Hospital (Black Book) or the D. C. Public Schools Special Education Reimbursement Program. The District of Columbia government paid Maximus a fee for D. C. General Hospital Medicaid/Medicare funds, which had already been recovered through the efforts of Davis & Associates Inc. In fact, the District paid Maximus a fee for money the District already had in its own accounts.

      Plaintiff has yet to apprise the Court that Federal funds with which Davis & Associates had an interest were drawn down on behalf of the HHC/PBC District of Columbia General Hospital and the District of Columbia Public Schools Special Education Program, but were not credited to their respective accounts for several years, if ever. In the process, the District's annual audits were compromised.

      Over a period of years, a number of District of Columbia government officials and attorneys have met with Michael Davis and acknowledged that the District had drawn down Federal Medicaid/Medicare funds without having supporting documentation and revealing that without the supporting documentation, the District would have to return the funds to the Federal Medicaid Program

      My client and I are convinced that by now you have collected and reviewed all of the pertinent documents for this case, including those referenced in my previous communications to you. You and your superiors should realize that if the District continues to employ these dilatory actions, it will by its own hand cause severe harm to itself, its citizens, and its financial standing.

      If the governmental officials continue to advocate this posture of stonewalling and acting as if Davis & Associates, Inc. rendered no services to the government, there is likely to be a rude awakening as we proceed further in this litigation and beyond. It seems prudent to me that your superiors need to speak further with the CFO his Deputies and senior staff (both past and present), Finance Committee Chairman Evans, School Board President Robert Bobb, and who were instrumental in approving work and writing checks to contractors for work that Davis & Associates, Inc. performed.

      A small window of opportunity exists for the District of Columbia government to resolve this matter in its best interest. However, I believe that if you fail to do so in the very near future, your office and/or your clients will be making matters worse, to the

Thomas J. Foltz, Esq.
March 13, 2007
Page - 3 –

point that out of court resolution of these issues will become increasingly difficult if not impossible.

It would seem appropriate for the Acting Attorney General for the District of Columbia and other senior level District officials to consider the short and long term cost of continuing this action.

      Sincerely,

      /s/ *Johnny M. Howard*

      Johnny M. Howard

JMH/dm