IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVIS & ASSOCIATES, INC., | : | |
| | : | |
| | : | |
| v. | : | Civil No. 6CV 00972 (GK) |
| | : | Deadline for Filing Dispositive |
| | : | Motions |
| | : | August 1, 2007 |
| THE DISTRICT OF COLUMBIA, et al., | : | |
| | : | |
| _____ | : | |

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY AND QUASH THE DEPOSITION NOTICE OF DR. NATWAR GHANDI

I. Factual and Procedural Background

Defendants District of Columbia, Anthony A. Williams, and Natwar M. Ghandi in his official capacity, (collectively "Defendants") hereby offer their reply in support of their motion to stay discovery and to quash the deposition notice of Dr. Natwar Ghandi.

On or about May 24, 2006, Plaintiff Davis and Associates, ("Davis") an alleged minority contractor, filed a two count civil rights action against the District of Columbia and certain individuals in their official capacities regarding two contingent fee agreements. Those agreements were with the District of Columbia's Public Benefit Corporation in 2000 (a direct contract) and the Public School System in 1998 (a subcontract) for certain Medicaid revenue enhancement collection contracts. The lawsuit alleged nearly $260 Million in revenue that Plaintiff had generated for which it was entitled to a per centage as its compensation.

Defendants' motion to dismiss, filed August 10, 2006, argued : (1)  Count I, Title 42 U.S.C. § 1981, must be dismissed due to the lack of certification and availability of appropriated funds prior to the execution of the contract; (2) Count II,  Title 42 U.S.C. §1983, must be

dismissed for failure to use available adequate state procedures; (3) both Counts must be dismissed for failure to bring the action within the applicable three year period of limitations required by D.C. Official Code §12-301 for Count II, the Title 42 U.S.C. §1983 claim and within four year period apparently required for post formation contract issues under Count I, the Title 42 U.S.C. §1981 claim; and (4) to dismiss the claim against the named individuals in their official capacity since a suit against them in their official capacities is in essence a suit against the District. Plaintiff's Opposition followed on October 2, 2006, along with Defendants' reply on October 24, 2006 which raised the issue of the lack of privity between the District and the Plaintiff with regard to the Public Schools subcontract.

A scheduling order was entered on November 28, 2006, and the parties proceeded to commence written discovery with the District filing its written responses on or about February 26, 2007, and plaintiff serving its written responses only to interrogatories on April 24, 2007, just before a teleconference with the Court on discovery. Plaintiff did not and has not to date filed any responses to Defendants' requests for production of documents. Still pending before the Court are Defendants' motion to dismiss for failure to effect service upon Dr. Ghandi, filed December 22, 2006, and Defendant Health Management Systems' motion to dismiss filed January 4, 2007.

It is against this back ground of late and partial non-compliance by plaintiff with discovery deadlines that on May 23, 2007, Defendants filed their motion to stay discovery and to quash the May 23, 2007, issued notice of deposition for Dr. Natwar Ghandi unilaterally scheduled by Plaintiff for May 30, 2007. The Defendants' principal arguments were, with regard to the stay of discovery, that party and court resources would be saved while there was a dispositive motion pending that was meritorious and, with regard to quashing Dr. Ghandi's

deposition that high ranking government officials should not be burdened with litigation especially if the litigation was non-meritorious. Defendants filed their Motion on May 23, 2007, noting that Plaintiff had on May 22, 2007, cancelled its scheduled May 24, 2007, appearance for a Fed. R. Civ. P. 30(b)(6) deposition that had been properly noticed on May 4, 2007. [1] Although plaintiff later, May 29, 2007, offered to make Mr. Davis or someone else available for deposition, it would do so only after Dr. Ghandi's deposition. Defendants noted to plaintiff then and now to plaintiff and the Court that the disposition of the pending motion to stay discovery will resolve the questions of proceeding with depositions and additionally any motion to compel filed by either party.[2]

Defendant's Motion to Stay discovery argued, *inter alia*, that there was no need for discovery in light of the lack of a colorable claim for relief and that there correspondingly was no need to allow the deposition of Dr. Ghandi. Plaintiff's opposition filed May 29, 2007, argued principally that: (1) their contracts were somehow legal relying in an inexplicable manner on Matter of Reconsideration of B-214172, 64 Comp. Gen. 282, 1985 U.S. Comp. Gen Lexis 1590: (2) there was a general waiver of privilege by partial voluntary disclosure of a document relying on *Adams v. Franklin,* 2007 D.C. App. Lexis 245 (D.C. 2007; (3) that plaintiff is entitled to have its cause of action accrue on the basis of a discovery rule; and finally, (4) that only Dr. Ghandi may provide relevant knowledge of the Davis and Maximus contracts. As the argument that follows indicates, none of these propositions are viable, and Defendants' original

---

[1]   The District had noticed this deposition defensively in the event that discovery deadlines might expire prior to the Court's decision on a motion to stay discovery.

[2]   Defendants distributed Plaintiff's Motion to Compel filed May 30, 2007, to the agencies affected on June 6, 2007, and will file a brief opposition contemporaneously with this Reply and will seek leave to file a more detailed opposition should discovery proceed.

arguments in favor of the stay of discovery and postponing Dr, Ghandi's depositions remain unrebutted.

Since Defendants' arguments in the motion to stay and the motion to quash the deposition notice addressed the lack of merit in Plaintiff's complaint, Defendants first address Plaintiff's current contentions regarding merits and then address Plaintiff's contentions regarding discovery and Dr. Ghandi's deposition.

## II. Argument

### A. The Contracts Are Not Legal

First, and in response to Plaintiff's contention to the contrary, the Defendants argue that the contracts are not legal. It is now unquestioned that Plaintiff concedes that prior appropriations were not present for Medicaid revenue enhancement contracts here at issue. Thus, Plaintiff stated, at page two of its May 23, 2007, opposition "…Plaintiff's position regarding the Anti-Deficiency Act, is that compliance with the Act occurs when the Chief Financial Officer certifies that the federal Medicaid funds have been received, and that payment of the contingency fee is paid based on a calculation of the fee percentage times the gross amount of funds received…." What is apparent from this admission is that no prior appropriations exist to pay the contingent fee. Such a position requiring the government to commit to a contractual obligation prior to the existence or allocation of appropriations is legally untenable in the District of Columbia after *Williams v. D.C.*, 902 A. 2d 91 ( D.C. 2006) where insurance company officials sought to obligate the District of Columbia on a contractual guarantee without prior appropriations. As the Court of Appeals there noted, there was no legally sufficient authority in existence despite any proffer to the contrary.

> A government agent cannot validate a contract merely by averring that she is authorized to enter it, if no such authority exists; the rule applies with equal force even if "the agent himself may have been unaware of the limitations upon his authority." *Merrill*, supra, 332 U.S. at 384. To permit otherwise would eviscerate the very purpose of the Act. *Cessna Aircraft Co. v. Dalton*, 126 F.3d 1442, 1448-49 (Fed. Cir. 1997) (Anti-Deficiency Act intended to halt practice by which "[government] officials were obligating funds before they were appropriated by Congress, and then making deficiency requests for appropriations that Congress had little choice in deciding because government agencies had basically committed the United States to make good on its promises"); *Lopez v. Johns Manville,* 649 F. Supp. 149, 158 (D. Wash. 1986), aff'd by *Lopez v. A.C. &S., Inc*., 858 F.2d 712 (Fed. Cir. 1988) ("purpose of the statute is to prohibit anyone from obligating the Government in excess of the dollars appropriated by Congress"). Therefore, as a matter of law, it was not possible for CUIC to prove the reasonable reliance necessary [**15] to prevail on a claim of fraud. *Shama Rest. Corp.,* supra, 613 A.2d at 923.

Id. at 96.  Accordingly, Plaintiff's reliance on 64 Comp Gen. 282, *supra*, is misplaced since even that opinion indicates that the Anti-Deficiency Act "…flatly prohibits an agency from making expenditures or entering into obligations exceeding the amount available for that purpose regardless of the reason." Id. at 18.

### B. There is No Discovery Rule for Accrual of § 1983 Actions.

Secondly, and in response to Plaintiff's contention that it must be entitled to discover when any alleged discriminatory act occurred, Defendants argue that there is no room for a discovery rule with regard to causes of action alleging deprivation of constitutional rights.  On February 21, 2007, the United States Supreme Court ruled in *Wallace v. Kato,* ___ U.S.___, 127 S. Ct. 1091, 2007 U.S. Lexis 2650 (2007) that state law tort statutes of limitations apply to §1983 actions and that the statute of limitations begins to run with regard to § 1983 actions when the wrongful act or omission results in damages; the cause of action accrues even though the full

5

extent of the injury is not then known or predictable.[3]   In January, 1994, Chicago police arrested Andre Wallace, then a minor, for murder. He was tried and convicted but charges were ultimately dropped in April 2002.  He filed suit in April, 2003 alleging §1983 causes of action including false arrest against the city and several of its officers. Both the District Court and the Seventh Circuit ruled that the §1983 suit was time barred because Wallace's cause of action accrued at the time of his arrest.  The Supreme Court while noting that state tort law limitations periods applied to §1983 causes of action, it held that "…the accrual date of §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Id. at 7-8. Although also acknowledging that federal courts look to state law tolling rules, the Supreme Court held that under the circumstances of that case it would be reluctant to craft a tolling rule that would permit plaintiffs to create a cause of action that would retroactively extend a statute of limitations. Id. at 20.

   The plain import of the Supreme Court's ruling is that there is no discovery rule applicable to §1983 actions. In addition, while it is true that the District of Columbia employs some tolling equitable tolling doctrines, they are limited and depend upon affirmative misconduct of a defendant in concealing the injury. *East v. Graphic Arts Indus. Joint Pension Trust,* 718 A. 2d 153, 156-157 (D.C. 1998).  Nothing like that is alleged to have occurred here.

---

[3]  "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnotes omitted); see also 54 C. J. S., Limitations of Actions § 112, p. 150 (2005). Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief."

*Wallace v. Kato*, 127 S. Ct. 1091, 1097 (U.S. 2007)

The fact of payment to other non-minority contractors was a matter completely discoverable to plaintiff through a variety of avenues including discovery through an action appropriately filed at the Contract Appeals Board.  There simply is no discovery rule.  Plaintiff is mistaken and its actions are time barred.

### C. There Has Been No Waiver of Privilege.

Secondly, and in response to Plaintiff's contention that there has been waiver of privilege, Defendants argue *Adams v. Franklin,* 2007 D.C. App. Lexis 245 (D.C. 2007, relied upon by Plaintiff, does not support the proposition that there was a general waiver of privilege by partial voluntary disclosure of a document.  Carrie Adams brought suit against certain business entities alleging that they fraudulently deceived her regarding her real property inducing her to sell at a price well below market value.  The business entities sought to defeat the claims by citing the a three year statute of limitations noting that a demand letter sent by Ms. Adams' former attorney to the business entities fell outside the three year bar suggesting that the claim was stale. The business entities sought to depose Ms. Adams' attorney on the nature of the demand letter sent to the business entities.  He resisted on the basis of privilege.  Ms. Adams sought a permissible interlocutory appeal after her attorney was ordered to testify.  Id. at 2-5.  Holding that there had been a waiver by disclosure to a non-privileged third party, the Court of Appeals noted particularly "…As appellant knew and intended the information be published, it cannot be said to have been 'confidential' *ab initio…"* Id. at 15.

Plaintiff's application of this holding is inapposite.  Defendants have not disclosed information that they knew and intended to be published.  Defendants' partial disclosure of non-privileged aspects of agency communication always intended to be confidential cannot establish the kind of waiver conduct present when an attorney sends a demand letter to a third party

7

potential litigant. The situations are simply not the same. *Adams v. Franklin, supra,* does not mandate waiver of remaining privileged aspects of communications always intended to be privileged. To allow Plaintiff to prevail on its claim of waiver would permit a party to argue that privilege claimed through redaction of portions of documents would be waived by virtue of the existence of the remaining non-redacted portions of documents.

### D. There Is No Need to Depose Dr. Ghandi.

Fourth, should discovery proceed, there are additional individuals knowledgeable about the Davis and Maximus contracts. Both are remote transactions and individuals involved at the level indicated in Plaintiff's discovery requests are difficult to locate. While Defendants are currently in the process of attempting to locate individuals knowledgeable about the Maximus contract, Defendants will offer Desmond Yorke, a former official at the PBC and currently employed at the Department of Health with regard to the Davis contracts with the PBC. Other individuals knowledgeable about the claim process involved in the DCPS subcontract were listed in Defendants' Rule 26 disclosures timely filed on January 3, 2007. In short, there is some place to start other than with the City's Chief Financial Officer.

### III. Conclusion

For the foregoing reasons and for the reasons set forth in their initial memorandum, Defendants respectfully request that the Court stay discovery pending the decision on the dispositive motion and that the Court quashes the deposition notice issued against Dr. Natwar Ghandi.

Dated: June 7, 2007					Respectfully submitted,

					LINDA SINGER
					Attorney General for the District of Columbia

8

>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>
>_____*/S/Robert C. Utiger for Kimberly M. Johnson*_____
>KIMBERLY M. JOHNSON   D.C. Bar No. 435163
>Chief, General Litigation Section 1
>
>
>_____*/s/ Thomas J. Foltz*_____
>THOMAS J. FOLTZ
>Assistant Attorney General
>D.C. Bar No. 462858
>441 Fourth Street, N.W.
>Washington, D.C. 20001
>(202) 724-6652
>(202) 727-0431 (fax)
>E mail: Thomas.foltz@dc.gov

## CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system.  This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on June 7, 2007.


>_____*/s/ Thomas J. Foltz*_____
>          Thomas J. Foltz, Esq.

Davis & Associate 06 972 DC Reply Opp DC Mtn Stay Discovery E sign 060707.1