IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVIS & ASSOCIATES, INC., : | |
| : | |
| v.  : | Civil No. 6CV 00972 (GK) |
| : | Deadline for Filing Dispositive |
| : | Motions |
| : | August 1, 2007 |
| THE DISTRICT OF COLUMBIA, et al., : | |
| _____ : | |

DEFENDANTS' PRELIMINARY OPPOSITION TO THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY

I. Factual and Procedural Background

Defendants District of Columbia, Anthony A. Williams, and Natwar M. Ghandi in his official capacity, (collectively "Defendants") hereby offer their preliminary opposition to the Plaintiff's Motion to Compel Discovery. Defendants adopt and incorporate as if more fully set forth herein their factual and procedural background statement set forth in their reply memorandum in support of their motion to stay discovery. In addition, Defendants adopt the arguments made in their initial supporting memorandum and reply urging the Court to stay discovery pending the resolution of the dispositive motion Defendants' filed. Defendants submit herewith their preliminary opposition to the Motion to Compel and will seek leave of court to file an additional opposition should the Court decide that discovery should proceed; provided with that additional opposition would be declarations for the defense of any privilege claim.

Defendants note the following with regard to their discovery efforts: (1) there has been substantial good faith compliance; close to 2000 documents have been produced with a *Vaughn* index; (2) efforts continue to retrieve and examine documents; five boxes of documents have been culled from relevant time periods by the OCFO's contracts and procurement section;

examination of those documents by the OCFO's Office of General Counsel will be completed within two weeks; (3) efforts are underway to locate and identify individuals familiar with both contracts; however, given the age of both of the principal agreements—1998 for the DCPS agreement and 2000 for the PBC agreement—it is difficult to locate individuals familiar at the level at which plaintiff seeks discovery; (4) the District will continue to supplement its discovery responses as information becomes available.

Finally, Defendants note below, without prejudice to their existing motion to stay discovery, that: (1) the standards for evaluating motions to compel mandate that proportionality requirements can preclude the motion to compel; (2) that the standard for the initial imposition of sanctions may preclude the award of sanctions where the non-moving party simply disagrees with the moving party or has otherwise complied with the discovery requests in good faith; [1] and (3) that any sanction sought must be predicated on a balancing of factors designed to present full merits adjudication of claims and defenses.

## II. Argument

First, 7 Moore's Federal Practice ¶37.22 (2) (d) (3d Ed.) sets forth a standard for denying a motion to compel pursuant to the proportionality requirements of Rule 26 (b) (2). Motions to compel must be denied if the party opposing the discovery can persuade the court that: (1) the discovery sought is unreasonably cumulative or duplicative; (2) the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive; (3) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; (4) the burden or expense of the proposed discovery outweighs its likely

---

[1] The Defendants note that the proposed order submitted with the Plaintiff's Motion to Compel requested only that the District provide more complete responses to be enumerated in the order. They make the arguments about the imposition of sanctions to persuade the Court that the Court need not independently impose sanctions beyond the relief sought by the Plaintiff

benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Applying that standard to the motion to compel and its specific requests, Defendants note with regard to the second and third factors that at least some of the information sought to be obtained regarding the Maximus contract may be obtained directly from Maximus itself, a publicly traded corporation headquartered in Reston, Virginia. Maximus, for example, might be able to identify individuals knowledgeable about claim submission procedures and payment. Accordingly, information could have been sought from Maximus from the date of filing this action, slightly over a year ago. Plaintiff's complaint about the lack of information regarding Maximus and payments may be misdirected and stale.

Secondly, even if the Court were to grant the instant motion, the Defendants' conduct does not warrant the imposition of discovery sanctions *sua sponte* by the Court under Rule 37(4)(a) of the Federal Rules of Civil Procedure. Courts "may not award Rule 37 expenses . . . [where] the opposing party's nondisclosure, response, or objection [to discovery] was substantially justified." *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 87 (D.D.C. 2005). A position is "substantially justified" if "there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Id.* (internal quotations omitted); *Peterson v. Hantman* 227 F.R.D. 13, 18 (D.D.C. 2005) (concluding that where defendant's position was reasonable, the "imposition of any type of sanction . . . is, therefore, inappropriate"). The success of that position, moreover, is not dispositive. *See Wainwright v. Washington Metropolitan Area Transit Auth.*, 163 F.R.D. 391, 397 (D.D.C. 1995) (concluding that "[a]lthough defendants' arguments on the outstanding discovery disputes have been largely

rejected, this court does not find the arguments to constitute sanctionable conduct"). Applying this standard here, the Court should not impose sanctions against the Defendants. There has been substantial good faith compliance in attempting to obtain information or identify individuals who may have knowledge regarding two agreements that are well outside the statute of limitations. In addition, the delay in bringing this case does not rest with the District since Plaintiff elected to proceed in an inappropriate forum initially years ago. See *Davis & Associates v. District of Columbia,* 892 A.2d 1144 (D.C. 2006).

Third, and again even if the Court were to grant the motion to compel, District of Columbia Circuit law would bar the Court from any *sua sponte* total witness preclusion orders are inappropriate as an initial sanction for non compliance. Thus, the Court of Appeals for the District of Columbia Circuit in *Bonds v, District of Columbia, et al.,* 93 F 3d 801 ( D.C. Cir. 1996) reversed a District Court order that precluded the District of Columbia from presenting any fact witnesses at trial where the District of Columbia was three days late in answering interrogatories with allegedly inadequate answers as well. The Court of Appeals noted that the fact witness preclusion order operated as a virtual default in a sex discrimination case where the witness credibility was key. Id. at 809. No similar sanction should be imposed here *sua sponte* by the Court.

### III. Conclusion

For the foregoing reasons, and without prejudice to their motion to stay discovery, the Defendants respectfully request that the Court deny the motion or enlarge the time for compliance by the District given the age of the information and the difficulty in obtaining responsive replies.

Dated: June 7, 2007             Respectfully submitted,

                                      LINDA SINGER
                                      Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General, Civil Litigation Division


                                      */S/ Robert C. Utiger for Kimberly M. Johnson*
                                      KIMBERLY M. JOHNSON   D.C. Bar No. 435163
                                      Chief, General Litigation Section 1


                                      */s/ Thomas J. Foltz*
                                      THOMAS J. FOLTZ
                                      Assistant Attorney General
                                      D.C. Bar No. 462858
                                      441 Fourth Street, N.W.
                                      Washington, D.C. 20001
                                      (202)  724-6652
                                      (202) 727-0431 (fax)
                                      E mail: Thomas.foltz@dc.gov


## CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system.  This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on June 7, 2007.

                           _____*/s/ Thomas J. Foltz*_____
                                    Thomas J. Foltz, Esq.



Davis & Associate 06 972 DC Preliminary Opp to Pltf MTC E sign 060707