UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
DAVIS & ASSOCIATES, INC.,    )
                             )
        Plaintiff,           )
                             )
    v.                       )    Civil Action No. 06-00972 (GK)
                             )
DISTRICT OF COLUMBIA, et al.,)
                             )
        Defendants.          )
_____  )

## MEMORANDUM OPINION

Plaintiff Davis & Associates ("Davis"), a minority-owned contractor, brings this action under 42 U.S.C. §§ 1981 and 1983 against Defendants, the District of Columbia ("District"), Mayor of the District of Columbia Adrian Fenty, Chief Financial Officer of the District of Columbia Natwar Ghandi, former Chief Financial Officer of the District of Columbia Valerie Holt, and Health Management Systems, Inc.[1]  Plaintiff alleges that Defendants, excluding HMS, violated 42 U.S.C. §§ 1981 and 1983.  Plaintiff seeks compensatory damages in excess of $268 million and reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

This matter is before the Court on the following motions: (1) the District's Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) **[Dkt. No. 5]**; (2) HMS' Motion to Dismiss

---

[1] Defendants Fenty, Ghandi, and Holt are sued in their official capacities.  Ghandi and Holt are also sued in their individual capacities, although they were never personally served.  Fenty is automatically substituted for the former Mayor of the District of Columbia, Anthony Williams, pursuant to Fed. R. Civ. P. 25(d).

Case 1:06-cv-00972-GK    Document 48    Filed 08/16/2007    Page 2 of 12

under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) **[Dkt. No. 25]**; (3) Defendants Ghandi's and Holt's Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) for Failure to Effect Service of Process under Fed. R. Civ. P. 4(m) **[Dkt. No. 21]**; (4) the District's Motion to Stay Discovery and Quash Deposition Notice **[Dkt. No. 39]**; and (5) Davis' Motion to Compel Discovery **[Dkt. No. 43]**. Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons stated below, the Motions to Dismiss by the District and HMS are **granted** and Ghandi and Holt's Motion to Dismiss, the District's Motion to Stay Discovery and Quash Deposition Notice, and Davis' Motion to Compel Discovery are **denied as moot.**

## I. BACKGROUND[2]

On January 26, 1998, Health Management Systems ("HMS") entered into a contingency fee contract with the District of Columbia Public Schools ("DCPS"). Under the terms of the contract, HMS would identify the amounts of money to be collected on behalf of DCPS, under Medicaid, from third parties such as health insurance providers. HMS would then receive as payment a percentage of the amount actually recovered in accordance with a declining formula

---

[2] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

that reduced the percentage paid as the amount collected increased. HMS then entered into a subcontract with Davis for performance of the work described in this contract. Davis alleges it identified more than $68 million for collection under this subcontract.

On March 10, 2000, Davis entered into a contingency fee contract with the District of Columbia Health and Hospitals Public Benefit Corporation ("PBC"), which operated D.C. General Hospital. Under the terms of the contract, Davis would complete certain Medicare and Medicaid cost reports for the PBC and receive as payment an amount equal to ten percent of the revenue collected above a set baseline. Davis alleges it identified more than $200 million for collection under this contract.

Neither contract contained a certification of prior available appropriated funds as required by 27 D.C. Mun. Regs. § 3240. The Chief Financial Officer is responsible for certifying the amount collected under each of these two contracts. Davis has not been paid under either contract, and alleges that the District has received the amounts identified for collection from the federal government. Davis also alleges that a white-owned contractor was paid for the work that Davis "performed exclusively." Compl. ¶ 32.

Plaintiff's Complaint has two counts. Count I alleges violations of 42 U.S.C. § 1981. Count II alleges violations of 42 U.S.C. § 1983. Plaintiff seeks $268 million in compensatory damages plus attorney's fees.

3

**II. STANDARD OF REVIEW**

"A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted." Doe v. United States Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985). As stated above, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear, 606 F.2d at 1253. "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Comm. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (internal citations omitted).

**III. ANALYSIS**

    **A.  Plaintiff Fails to State a Claim Under 42 U.S.C. § 1981 Because the Contracts Between Plaintiff and the District of Columbia Were Void Ab Initio**

42 U.S.C. § 1981(a) provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts. . .as is enjoyed by white citizens." In Count I of the Complaint, Plaintiff alleges that the District's failure to pay for services rendered under the two contracts, when it was making payments to white-owned contractors under similar contracts, violated Section 1981.

A valid or prospective contractual relationship between the

4

parties is required for a claim brought under 42 U.S.C. § 1981. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). The District offers two reasons why no such valid contract exists in this case.

First, it argues that Plaintiff's claim must fail because the contracts between the parties are void ab initio under the Anti-Deficiency Act, 31 U.S.C. § 1341 et seq. The Anti-Deficiency Act provides that "[a]n officer or employee of the United States Government or of the District of Columbia government may not – (A) make or authorize an expenditure or obligation exceeding an amount available in an appropriation or fund for the expenditure or obligation;" or "(B) involve either government in a contract or obligation for the payment of money before an appropriation is made unless authorized by law."[3]  31 U.S.C. §§ 1341(a)(1)(A)-(B); see also Hercules, Inc. v. United States, 516 U.S. 417, 427 (1996) ("[t]he Anti-Deficiency Act bars a federal employee or agency from entering into a contract for future payment of money in advance of, or in excess of, an existing appropriation"); Williams v. District of Columbia, 902 A.2d 91, 94 (D.C. 2006) ("the Supreme Court of the United States and other federal courts have explicitly and repeatedly held that all contracts for future payments of money, in advance of or in excess of existing appropriations, are void ab

---

[3] The "authorized by law" exception to the Anti-Deficiency Act is not at issue in this case.

initio") (emphasis added).

The relevant language of the Anti-Deficiency Act is unambiguous. The statute requires an appropriation to be made, prior to involving the District of Columbia Government in a contract or obligation for the payment of money. 31 U.S.C. § 1341(a)(1)(B).

It is undisputed that the two contracts in the present case provided for the payment of money that had not been previously authorized and appropriated. However, Plaintiff argues that because payment under the contracts was contingent on the amounts paid in the future to the District of Columbia by Medicare and Medicaid, no prior appropriations were necessary and therefore the Anti-Deficiency Act does not apply. Plaintiff cites to no case law, statutory language, or legislative history supporting an exception to the Anti-Deficiency Act for contingency fee contracts. According to its own clear language, the Anti-Deficiency Act applies to <u>all</u> contracts for the future payment of money. <u>See</u> <u>Hercules</u>, 516 U.S. at 427; <u>Williams</u>, 902 A.2d at 94. Thus, by its clear terms, the Anti-Deficiency Act bars both contracts.

Plaintiff also argues that contingency fee contracts are exempted from the Anti-Deficiency Act because the municipal regulation implementing the statute only refers to "fixed-price" and "cost-reimbursement" contracts. <u>See</u> 27 D.C. Mun. Regs. § 3240.7. Plaintiff argues that the regulation clarifies that the

Anti-Deficiency Act only applies to the two types of contracts specifically mentioned. Plaintiff's argument ignores the language of § 3240.2 which bars the "executing of any contract" before obtaining certification that the amount of "the contract" does not exceed appropriated funds (emphasis added). There is nothing in the Regulation to suggest that § 3240.7 limits the scope of the Anti-Deficiency Act.[4]

Finally, Plaintiff argues that the District's prior approval of the contracts overcomes the District's current claim that the contracts were void ab initio. Williams holds, however, that a "government agent cannot validate a contract merely by averring that she is authorized to enter it, if no such authority exists." Williams, 902 A.2d at 96; see also District of Columbia v. Greene, 806 A.2d 216, 222 (D.C. 2002) ("a person making or seeking to make a contract with the District is charged with knowledge of the limits of the agency's. . .actual authority"). The Anti-Deficiency Act barred the District from entering into the contracts at issue, see Hercules, 516 U.S. at 427, regardless of its prior approval of those contracts.

Second, the District argues that the 1998 primary contract between HMS and the District of Columbia Public Schools, which then produced the subcontract between HMS and Plaintiff, was never

---

[4] Of course, the District of Columbia Council would not have the authority to in anyway restrict the reach of a federal statute such as the Anti-Deficiency Act.

signed by a District of Columbia official.  In <u>Second Genesis, Inc.</u>, CAB No. D-1100, 2000 DCBCA LEXIS 2, 16-17 (2000), the District of Columbia Contract Appeals Board ("CAB"), held that under D.C. Code § 2-301.5 (formerly § 1-1181.5), the District's contracts are required to be in writing and a signature on behalf of the District is necessary to complete a written contract.  The glaring omission of a signature by a District of Columbia official in this case bars the creation of a valid 1998 contract between Plaintiff and the District.  Obviously, if the underlying primary contract is invalid, as it is in this case, the subcontract based on it is also invalid.

For the above reasons, the two contracts between the parties were void <u>ab</u> <u>initio</u>.  Consequently, there is no claim upon which relief can be granted under 42 U.S.C. § 1981, and Count I is **dismissed.**

**B.   Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983 Because Plaintiff Did Not Have a Property Interest Protected Under the Fifth Amendment**

In Count II, Plaintiff argues that the District's withholding of payment allegedly due under the two contracts deprived Plaintiff of its property without due process of law in violation of the Fifth Amendment, giving rise to a claim under 42 U.S.C. § 1983.

In order to have a valid claim, Plaintiff must first have "a property. . .interest that triggers Fifth Amendment due process protection."  <u>C&E Services, Inc. of Washington v. District of</u>

Columbia Water and Sewer Authority, 310 F.3d 197, 200 (D.C. Cir. 2002) (internal citations omitted).  Property interests do not arise from the Constitution, but from "state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  Id. (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)).  Furthermore, Roth holds that in order "[t]o have a property interest in a benefit, a person . . . must have . . . a legitimate claim of entitlement to it."  Roth, 408 U.S. at 577.

In this case, the only "legitimate claim[s] of entitlement" at issue are the two contracts between the parties.  Because the contracts were void ab initio, as discussed above, Plaintiff had no property interest of which it could be deprived in violation of the Fifth Amendment.

Even if the contracts were valid and Plaintiff had a property interest, the Contract Appeals Board provided an adequate post-deprivation remedy which, as the Supreme Court has ruled, "can satisfy the Due Process Clause."  Parratt v. Taylor, 451 U.S. 527, 538 (1981).  The CAB is the exclusive forum for contractors to appeal final decisions by a contracting officer of the District of Columbia.  D.C. Code § 2-309.03(a).  Its procedural powers include the authority to administer oaths, conduct discovery, and subpoena witnesses.  D.C. Code § 2-309.06(a).

Plaintiff does not argue that the CAB's procedures were

9

flawed; in fact, it never brought its claim before the CAB. Instead, Plaintiff argues that the CAB has no jurisdiction over contractual decisions by the District's Chief Financial Officer, who is responsible for certifying the amount of money collected under each of the two contracts at issue. Therefore, according to Plaintiff, the CAB would be unable to grant the remedy it seeks.

Plaintiff's argument has been flatly rejected by the District of Columbia Court of Appeals in Abadie v. District of Columbia Court of Appeals, 843 A.2d 738 (D.C. 2004), which held that the CAB has jurisdiction over contracts involving the Chief Financial Officer, with "very limited exception[s],"[5] none of which are present or alleged here. Id. at 746. Furthermore, the Court of Appeals, in Davis & Associates, Inc. v. Williams, 892 A.2d 1144 (D.C. 2006), held that the CAB had jurisdiction to hear an appeal regarding the 2000 contract at issue in this case.

Because Plaintiff lacked a valid property interest and had an adequate post-deprivation remedy, it has failed to state a claim under 42 U.S.C. § 1983, and Count II is **dismissed.**

### C. Plaintiff Fails to State a Claim upon Which Relief Can Be Granted Against Health Management Systems

Plaintiff does not raise any claim against - nor seek any

---

[5] The exceptions mentioned in Abadie involve "professional services that, for example, could compromise an investigation, or constitute a conflict of interest for the Department of Administrative Services (the Department through which contracts normally flow) if that Department is under investigation." Abadie, 843 A.2d at 746.

relief from - HMS. Plaintiff names HMS as a defendant because HMS, as the primary contractor in the 1998 contract, "needs to be a party to this lawsuit in order for there to be a just adjudication of all the issues in this case, particularly when it comes to damages." Plaintiff's Opp'n to HMS' Motion to Dismiss at 1. [Dkt. No. 33]. In particular, Plaintiff argues that "any damage award against the District of Columbia could involve or affect the financial interest of HMS with respect to contracts with D.C. General Hospital/Public Benefit Corporation." Id. at 2.

Plaintiff's argument mirrors the language for joinder of indispensable parties under Fed. R. Civ. P. 19(a). Rule 19 provides two scenarios in which joinder is necessary:

> if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a)(1)-(2).

Neither scenario is present in this case. Plaintiff is not suing for breach of contract, but for alleged violations of its civil and constitutional rights. Those claims are solely against the District and its officers, and HMS has no interest, financial or otherwise, to assert regarding those claims. Therefore, complete relief can be accorded between Plaintiff and the District in the absence of HMS.

Plaintiff has filed a two-count Complaint and brings neither Count against HMS.  Consequently, HMS must be dismissed as a party in this case.

**IV.　CONCLUSION**

As this case must be dismissed as to all Defendants for the reasons stated, the Court need not address the other arguments and Motions presented by the parties.

For the above reasons, the Motions to Dismiss of the District **[Dkt. No. 5]** and HMS **[Dkt. No. 25]** are **granted**, and Ghandi and Holt's Motion to Dismiss **[Dkt. No. 21]**, the District's Motion to Stay Discovery and Quash Deposition Notice **[Dkt. No. 39]**, and Davis' Motion to Compel Discovery **[Dkt. No. 43]** are **denied as moot.**

An Order shall issue with this Memorandum Opinion.

August 16, 2007                      /s/_____
                                     Gladys Kessler
                                     United States District Judge

**Copies to**: **Attorneys of record via ECF**