UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
DAVIS & ASSOCIATES, INC.,     )
                              )
        Plaintiff,            )
                              )
    v.                        )    Civil Action No. 06-972(GK)
                              )
DISTRICT OF COLUMBIA, et al., )
                              )
        Defendants.           )
_____)
```

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration [**Dkts. No. 50 & 51**] of the Court's August 16, 2007 Order and Memorandum Opinion granting the District of Columbia's Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  See Davis & Assocs., Inc. v. District of Columbia, 501 F. Supp. 2d 77 (D.D.C. 2007).  Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons set forth below, Plaintiff's Motion for Reconsideration is **denied.**

Plaintiff's motion was filed pursuant to Fed. R. Civ. P. 59(e) as a "Motion to Alter or Amend Judgment and/or for Reconsideration."  A Rule 59(e) motion must be filed "no later than 10 days after the entry of judgment."  Fed. R. Civ. P. 59(e). Because the motion was filed more than ten days after August 16, 2007, it will instead be construed as a motion for reconsideration

pursuant to Fed. R. Civ. P. 60(b).[1]  <u>Butler v. Pearson</u>, 636 F.2d 526, 529 (D.C. Cir. 1980) ("Although a motion is made under Rule 59, if it is not timely so that it may not properly be considered thereunder, it may, nevertheless, be considered as a motion under Rule 60 when it states grounds for relief under this latter rule.") (quoting 6A Moore's Federal Practice ¶ 59.04(7) (2d ed. 1979)).

A motion for reconsideration filed pursuant to Rule 60(b) will only be granted upon a showing of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

---

[1] Whether a motion for reconsideration was filed pursuant to Rule 59(e) or Rule 60(b) can have significant implications on appeal. As the Supreme Court noted in <u>Browder v. Dir., Dep't of Corr.</u>, 434 U.S. 257, 263 n.7 (1978):

> Rule 60(b), unlike Rules 52(b) and 59, does not contain a 10-day time limit. A motion for relief from judgment under Rule 60(b), however, does not toll the time for appeal from, or affect the finality of, the original judgment.  Thus, while the District Court lost jurisdiction 10 days after entry of the...judgment to grant relief under Rule 52(b) or 59, its power to grant relief from judgment under Rule 60(b) still existed.... A timely appeal may be taken under Fed. Rule. App. Proc. 4(a) from a ruling on a Rule 60(b) motion. The Court of Appeals may review the ruling only for abuse of discretion, however, and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.

(internal dates and citations omitted). <u>See</u> <u>also</u> Fed. R. App. P. 4(a)(4)(A)(vi) (following 1993 amendment, a Rule 60(b) motion, like a Rule 59(e) motion, suspends the time for filing a notice of appeal only "if the motion is filed no later than 10 days after the judgment is entered.").

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Carter v. Washington Metro. Area Transit Auth., 503 F.3d 143, 145 n.2 (D.C. Cir. 2007) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)). Finally, "the district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion." Twelve John Does v. District of Columbia, 841 F.2d 1133, 1138 (D.C. Cir. 1988).

In its Motion for Reconsideration, Plaintiff once again makes arguments concerning the holding of the District of Columbia Court of Appeals in Williams v. District of Columbia, 902 A.2d 91 (D.C. 2006) as applied to the contingency fee contracts between Plaintiff and the District of Columbia.[2] These arguments were fully

---

[2] Plaintiff also cites to (although fails to provide a copy of) a Government Accountability Office report that was never raised in its initial briefing of the Motion to Dismiss. At this advanced stage of the proceedings, it is far too late to consider the report for its substance, especially as Plaintiff provides no explanation

considered and rejected in the Court's August 16, 2007 Memorandum Opinion and need not be revisited. See Davis & Assocs., 501 F. Supp. 2d at 80-81. The same is true of Plaintiff's arguments that the Contract Appeals Board did not provide an adequate post-deprivation remedy under the Fifth Amendment's Due Process Clause. See id. at 82.

Plaintiff also points to the existence of a contingency fee contract between Maximus, Inc. and the District of Columbia. However, this issue was never raised before, Plaintiff has not made a showing that the contract is new evidence that was not previously discoverable through the exercise of its due diligence, and in fact, it failed to even submit a copy of the Maximus contract for the Court's review.[3] Furthermore, assuming, arguendo, that such contract existed, that fact does not logically lead to the conclusion that the contingency fee contracts between the parties in this case are themselves valid under the Anti-Deficiency Act, 31 U.S.C. § 1341 et seq., because no court has considered the validity of the Maximus contract under that statute.

Finally, Plaintiff argues for the first time in its Reply that the District's conduct impaired a prospective contractual

---

for why it failed to previously bring the report to the Court's attention.

[3] The Maximus contract is referred to in Plaintiff's Motion as "Exhibit E." Such an exhibit was not filed in conjunction with the motion and there is no "Exhibit E" listed anywhere else on the docket.

4

relationship between the parties in violation of 42 U.S.C. § 1981. Of course, it is axiomatic that an argument first raised in a reply brief "ordinarily comes too late for our consideration." United States v. Van Smith, 530 F.3d 967, 973 (D.C. Cir. 2008). This is particularly true where a new argument is raised in a reply to a motion for reconsideration and no explanation has been offered for the party's repeated failure to previously raise the argument. Sellmon v. Reilly, ___ F. Supp. 2d ___, 2008 WL 2470002, at *4 (D.D.C. June 20, 2008). Therefore, this argument will not be considered at this late date.

For these reasons, Plaintiff's Motion for Reconsideration [**Dkts. No. 50 & 51**] is **denied**.

This is a final appealable Order. See Fed. R. App. P. 4(a).


August 20, 2008                         /s/
                                        Gladys Kessler
                                        United States District Judge


**Copies to: Attorneys of record via ECF**

5